QUINN EMANUEL URQUHART & SULLIVAN, LLP
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Delaney Gold-Diamond (Bar No. 342121)
delaneygolddiamond@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone:  (213) 344-3000
Facsimile:  (213) 344-3100

*Attorneys for Defendant*
*Google LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE RITTER,<br><br>          Plaintiff<br><br>     v.<br><br>ERIC SCHMIDT; HILLSPIRE, LLC; GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP; GRAIG H. MARCUS, AN INDIVIDUAL; WELLS FARGO BANK, N.A.; KNOX NETWORKS, INC., dba KNOVA FINANCE; NATALYA THAKUR, AN INDIVIDUAL; KPMG LLP; GOOGLE LLC; MATTHEW HILTZIK, AN INDIVIDUAL; HILTZIK STRATEGIES, LLC, A NEW YORK LIMITED LIABILITY COMPANY; RULTA OU, AN ESTONIAN ENTITY; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>          Defendants. | Case No. 2:26-cv-04382-JGB-E<br><br>The Honorable Jesus G. Bernal<br><br>**DEFENDANT GOOGLE LLC'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT** |

---

DEFENDANT GOOGLE LLC'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that Defendant Google LLC ("Google") hereby applies *ex parte* for an order extending time to respond to the Complaint in this Action by 45 days.

Counsel for Google provided notice to Plaintiff, representing herself, by email on May 14, 2026 and May 18, 2026.  Plaintiff opposes this Application.  Plaintiff's address is 269 S. Beverly Dr. #1315, Beverly Hills, CA 90212.  Her phone numbers are (510) 828-7772 and (310) 869-1247.  Her email addresses are ritter_legal@outlook.com and ritter.sm@icloud.com.

This Application is based on this Notice; the accompanying Memorandum of Points and Authorities; the concurrently filed Declaration of Delaney Gold-Diamond; and all other material properly before the Court.

Dated: May 18, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Viola Trebicka*
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com Delaney Gold-Diamond (Bar No. 342121)
delaneygolddiamond@quinnemanuel. com
865 South Figueroa Street, 10th Floor Los Angeles, CA 90017-2543
Telephone:  (213) 344-3000
Facsimile:  (213) 344-3100

*Attorneys for Defendant Google LLC*

DEFENDANT GOOGLE LLC'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Google LLC ("Google"), pursuant to Federal Rule of Civil Procedure 6 and Local Rule 7-19, respectfully requests that this Court extend the time for Google to respond to Plaintiff Michelle Ritter's Complaint by 45 days.

### BACKGROUND

Plaintiff filed the Complaint on April 24, 2026 and served Google on May 1, 2026. Declaration of Delaney Gold-Diamond ("Gold-Diamond Decl.") at ¶ 2.  The Complaint is 406 pages long, contains 620 factual allegations, and brings six counts against Google on as many as 11 different causes of action.  Dkt. No. 1.[1]  Google's responsive pleading deadline is currently May 22, 2026.

Google's counsel became aware of the May 1, 2026 service date on May 5, 2026.  Gold-Diamond Decl. at ¶ 2.  The next day, May 6, 2026, Google's counsel contacted Ms. Ritter by email seeking a 30-day extension of Google's responsive pleading deadline.  *Id*. at ¶ 3.  Counsel followed up by email on May 8, 2026.  *Id*.  Counsel attempted to reach Ms. Ritter by phone that same day but was unable to leave voicemail because Ms. Ritter's inbox was full.  *Id*.  Later that day, at 4:00 p.m., Ms. Ritter responded by email stating that she was willing to consider an extension and asked counsel to send her a proposed stipulation.  *Id*. at ¶ 4.

On May 11, 2026, counsel for Google sent Ms. Ritter a proposed stipulation for a 45-day extension.  *Id*. at ¶ 5.  Counsel requested a 45-day extension because, during the time between the initial request for a 30-day extension on May 6, 2026 and the May 11, 2026 draft stipulation, an additional deadline was set in an unrelated matter that posed a conflict for Google's counsel.  *Id*.  Google's counsel will also be traveling internationally from June 11 to June 26, which, given the complexity of the Complaint and competing deadlines, would make a June 22 responsive pleading deadline unduly burdensome.  *Id*. at ¶¶ 5-6.  On May 12, 2026, Ms. Ritter sought clarification

---

[1]  Counsel brings six counts against Google (Counts I, II, III, XII, XIII, XIV).  But Count XII appears to contain at least four causes of action (defamation, false light, commercial disparagement, and intentional interference with prospective economic advantage).  And Count XIII contains as many as three causes of action (declaratory relief, vacatur, and constitutional invalidation).

1

DEFENDANT GOOGLE LLC'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT

regarding the 45-day extension, which Google's counsel provided later that day. *Id*. at ¶ 7. Counsel also repeatedly indicated a willingness to offer a reciprocal extension for Ms. Ritter's opposition to a Rule 12 motion, should Google choose to file one. *Id*. at ¶ 8. On May 13, 2026, Ms. Ritter rejected counsel's request for a 45-day extension but stated her willingness to stipulate to a 30-day extension subject to additional, irrelevant terms. *Id*. at ¶ 9. On May 14, 2026, counsel informed Ms. Ritter that they intended to move for relief *ex parte*. *Id*. at ¶ 10. Later that day, counsel for Google invited Ms. Ritter to propose revisions to the draft stipulation, which she declined. *Id.*

## ARGUMENT

*Ex parte* applications are justified where "the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion." *Washoutpan.com, LLC v. White Cap, L.P.*, 2021 WL 12340170, at *1 (C.D. Cal. Dec. 9, 2021). The Court may grant an extension of time "for good cause," "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "Good cause is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (cleaned up). "[R]equests for extensions of time made before the applicable deadline has passed should 'normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (4th ed. 2025)). Rule 6 is "exceedingly lenient[.]" *Hidden Empire Holdings, LLC v. Angelone*, 2025 WL 2377086, at *2 (C.D. Cal. July 21, 2025). The Court should grant Google's *ex parte* application for a 45-day extension to respond to the Complaint for the following reasons.

*First*, *ex parte* relief is justified because Google "seeks a routine procedural order that cannot be obtained through a regularly noticed motion." *Washoutpan.com*, 2021 WL 12340170, at *1 (granting an *ex parte* application for a continuance). If Google sought to obtain this extension through a regularly noticed motion, its responsive pleading deadline would already have lapsed before the Court could rule on the request. *Ex parte* relief is thus appropriate here.

*Second*, the complexity of the issues and length of the Complaint constitute good cause under Rule 6. The Complaint is 406 pages long, contains 620 factual allegations, and at least 11 separate

DEFENDANT GOOGLE LLC'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND
TO THE COMPLAINT

causes of action against Google: (1) Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (2) Violation of the Stored Communications Act (18 U.S.C. §§ 2701, 2707); (3) Violation of the Federal Wiretap Act (18 U.S.C. §§ 2511, 2520); (4) Defamation; (5) False Light; (6) Commercial Disparagement; (7) Intentional Interference with Prospective Economic Advantage; (8) Declaratory Relief; (9) Vacatur; (10) Constitutional Invalidation; and (11) Violation of the Digital Millennium Copyright Act (17 U.S.C. § 512(f)). Dkt. No. 1. The Complaint involves complex factual and legal issues arising under numerous federal statutes and state common law. Counsel for Google requests a moderate extension of time to investigate the issues in the Complaint, confer with their client, and prepare either an answer or motion under Rule 12. *See Washoutpan.com*, 2021 WL 12340170, at *2 (granting continuance *ex parte* because of the "significant quantity of work that is necessary to complete [the] motion").

*Third*, "under Rule 6, extensions will generally be granted absent bad faith or prejudice to the other party." *Hidden Empire Holdings*, 2025 WL 2377086, at *2. There is no bad faith or prejudice to Ms. Ritter here. Google tried in good faith over the course of more than a week to negotiate a stipulated extension with Ms. Ritter because of professional and personal conflicts of Google's counsel. As in *Hidden Empire*, "Plaintiff[] do[es] not articulate any basis for the finding of bad faith or prejudice." *Id.* Nor could she, as Google's counsel has expressed willingness to stipulate to a reciprocal extension should Google choose to file a Rule 12 motion. Gold-Diamond Decl. at ¶ 8. Ms. Ritter's unwillingness to accommodate counsel's scheduling conflicts is inconsistent with basic professional norms. "Where, as here, there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries." *Ahanchian*, 624 F.3d at 1263 (citing Cal. Attorney Guidelines of Civility and Prof. § 6). "'There is no better guide to professional courtesy than the golden rule: you should treat opposing counsel the way you yourself would like to be treated.'" *Id.* (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).

*Finally*, "the Court has not yet issued a Scheduling Order establishing any discovery, motion, or trial deadlines. An extension therefore causes no real delay . . . ." *Saavedra v. Everi Payments,*

DEFENDANT GOOGLE LLC'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT

*Inc.*, 2022 WL 3575321, at *2 (C.D. Cal. Feb. 24, 2022).  This is also the first extension Google has sought from the Court.

## CONCLUSION

Google respectfully requests that the Court grant this Application and extend Google's deadline to respond to the Complaint by 45 days to July 6, 2026.

Dated: May 18, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Viola Trebicka*
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Delaney Gold-Diamond (Bar No. 342121)
delaneygolddiamond@quinnemanuel. com
865 South Figueroa Street, 10th Floor Los Angeles, CA 90017-2543
Telephone:  (213) 344-3000
Facsimile:  (213) 344-3100

*Attorneys for Defendant Google LLC*

DEFENDANT GOOGLE LLC'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Google LLC, certifies that this brief contains 1,253 words, which complies with the word limit of Local Rule 11-6.1.

Dated: May 18, 2026                  QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP

                                     */s/ Viola Trebicka*
                                     Viola Trebicka (Bar No. 269526)
                                     violatrebicka@quinnemanuel.com
                                     Delaney Gold-Diamond (Bar No. 342121)
                                     delaneygolddiamond@quinnemanuel.com
                                     865 South Figueroa Street, 10th Floor
                                     Los Angeles, CA 90017-2543
                                     Telephone:  (213) 344-3000
                                     Facsimile:  (213) 344-3100

                                     *Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 18, 2026, I caused a true and correct copy of the foregoing to be filed with this Court's CM/ECF system, which sent notification of such filing to counsel of record. My office also sent a copy by email to Plaintiff Michelle Ritter at ritter_legal@outlook.com and ritter.sm@icloud.com.

*/s/ Viola Trebicka*
Viola Trebicka

CERTIFICATE OF SERVICE