FILED

Michelle Ritter
Plaintiff Pro Se
269 S. Beverly Dr. #1315
Beverly Hills, CA 90212
Telephone: (510) 828-7772
Email: ritter_legal@outlook.com

2026 MAY 19 PM 3: 02

Plaintiff in pro per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHELLE RITTER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC SCHMIDT; HILLSPIRE, LLC; GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP; CRAIG H. MARCUS, an individual; WELLS FARGO BANK, N.A.; KNOX NETWORKS, INC. DBA KNOVA FINANCE; NATALYA THAKUR, an individual; KPMG LLP; GOOGLE LLC; MATTHEW HILTZIK, an individual; HILTZIK STRATEGIES, LLC, a New York limited liability company; RULTA OÜ, an Estonian entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:26-CV-04382-JGB-Ex<br><br>**The Honorable Jesus G. Bernal**<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO SEAL AND REDACT PERSONAL IDENTIFYING INFORMATION AND FOR A PROTECTIVE ORDER**<br><br>Judge:  Honorable Jesus G. Bernal |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff Michelle Ritter, appearing pro se, respectfully applies ex parte for an order: (1) sealing or, in the alternative, redacting from public access on the docket Plaintiff's personal cellular telephone number and personal iCloud email address publicly disclosed by Defendant Google LLC in Docket No. 15 (filed May 18, 2026) and in the accompanying Notice of Electronic Filing; (2) directing Google to refile its Ex Parte Application within three court days with Plaintiff's personal contact information redacted; and (3) entering a protective order requiring all parties in this action — and their counsel, agents, and any third party acting at their direction — in all future filings and service-related communications, to use only Plaintiff's professional litigation contact information ((510) 828-7772 and ritter_legal@outlook.com) and not to publicly file or disclose Plaintiff's personal cellular telephone number or personal email accounts.

This Application is made pursuant to Federal Rule of Civil Procedure 5.2(d) and (e), Federal Rule of Civil Procedure 26(c), Local Rule 79-5, and the Court's inherent authority to manage its docket. Plaintiff notified counsel for Google by email on May 19, 2026 of her intent to file this Application. (Ritter Sealing Decl. ¶ 10.) Plaintiff submits, consistent with this Court's Standing Order ¶ 13, that the relief sought is extraordinary: Plaintiff's personal contact information is already public on the docket as of May 18, 2026; the resulting harm compounds with each hour of continued exposure through docket-monitoring, search-engine indexing, and third-party archiving; and no remedy obtainable through a noticed motion can reach the harm before substantial irreversible dissemination has occurred.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

Plaintiff filed the Complaint on April 24, 2026 against twelve defendants, including Google LLC and Google's former Chief Executive Officer

and current principal of co-defendant Hillspire LLC, Eric Schmidt. The Complaint pleads claims against Google under the Computer Fraud and Abuse Act (Count I), the Stored Communications Act (Count II), and the Federal Wiretap Act (Count III). Those claims arise out of unauthorized access to Plaintiff's electronic systems and communications by Google and co-defendants. The Complaint pleads that Plaintiff has been required to repeatedly change devices, iCloud accounts, and cellular telephone numbers in response to ongoing unauthorized-access conduct, and that co-defendant Eric Schmidt has continued to engage in cyberstalking, surveillance, and interference with Plaintiff's personal and professional affairs.

Throughout the parties' May 6–14, 2026 meet-and-confer regarding Google's requested extension, Google's counsel corresponded with Plaintiff exclusively at her professional litigation address, ritter_legal@outlook.com — the address Plaintiff uses for communications with opposing counsel and parties, the address that appears in the caption of Plaintiff's filings, and the address Plaintiff has applied to use for CM/ECF e-filing privileges. (Ritter Sealing Decl. ¶¶ 4, 6.) Plaintiff's personal cellular telephone number and personal iCloud email address had not previously appeared on the public docket of this action. (Id. ¶ 5.)

On May 18, 2026, Google filed its Ex Parte Application (Dkt. No. 15) and supporting Declaration of Delaney Gold-Diamond (Dkt. No. 15-1). On page 2 of Docket No. 15 (Page ID #452), and on the Notice of Electronic Filing transmitting the filing, Google's counsel publicly disclosed Plaintiff's personal cellular telephone number and personal iCloud email address. Plaintiff did not consent to the disclosure. (Id. ¶¶ 7–8.)

## II. ARGUMENT

### A. Ex Parte Relief Is Appropriate Because the Information Is Already Public and the Harm Compounds With Each Hour of Continued Exposure.

Ex parte relief is appropriate where the harm cannot be remedied within the timeline of a noticed motion. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); L.R. 7-19. The personal contact information is already on the public docket. Each day of continued exposure broadens the dissemination through docket-monitoring services, search-engine indexing, and third-party archiving — forms of secondary distribution that, once accomplished, cannot be retrieved. A noticed-motion timeline would leave the information accessible for weeks. The harm is ongoing and self-compounding, and Plaintiff has accordingly given Google notice of this Application by email.

**B. Federal Rule 5.2 and the Court's Inherent Authority Authorize Redaction of Additional Personal Information for Good Cause, Which Plaintiff Easily Satisfies.**

Federal Rule of Civil Procedure 5.2(a) requires automatic redaction of certain personal identifiers. The Rule's automatic categories are a floor, not a ceiling. Rule 5.2(e) expressly empowers the Court, "for good cause," to "require redaction of additional information" and to "limit or prohibit a nonparty's remote electronic access to a document filed with the court." Rule 5.2(d) authorizes filings under seal. Together with the Court's inherent authority to manage its docket, these provisions plainly authorize the limited relief Plaintiff seeks.

The Ninth Circuit applies two sealing standards: "good cause" under *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003), for non-dispositive matters, and "compelling reasons" under *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006), for materials connected to dispositive motions. The targets here — a procedural ex parte for an extension of time and the NEF transmitting it — are paradigmatically non-dispositive, so *Foltz* good cause governs. Plaintiff satisfies it. The information she seeks to seal or redact is (a) unnecessary to any litigation purpose; (b) duplicative of professional contact information she has consistently used and that Google in fact used throughout the

-3-

meet-and-confer; (c) directly within the categories of personal data the Complaint pleads were the target of defendants' unauthorized access; and (d) of a kind whose continued public exposure poses a concrete and ongoing risk to her safety, privacy, and electronic-security posture. Even under *Kamakana*'s higher standard, the same factors constitute "compelling reasons" — the risk of harassment and re-targeting in a case in which the plaintiff has pleaded that defendants engaged in unauthorized access to her electronic systems is among the strongest privacy interests this Court is asked to protect. *See id.* at 1178–79 (compelling reasons satisfied by "specific factual findings" of risk).

### C. The Disclosure Facilitates the Very Categories of Abuse, Harassment, and Surveillance the Complaint Seeks to Redress.

This is not an ordinary docket-management dispute. The Complaint pleads that Google and co-defendants — including Eric Schmidt, Google's former Chief Executive Officer — engaged in unauthorized access to Plaintiff's electronic systems, surveillance, and cyberstalking, and that Plaintiff has been required to repeatedly change devices, iCloud accounts, and cellular telephone numbers in response. The categories of personal data that Google's counsel chose to publicly file on May 18 — Plaintiff's personal cellular telephone number and personal iCloud email address — are the same categories of personal data the Complaint pleads were the target of defendants' unlawful conduct. The disclosure broadcasts those items to Schmidt, who is a co-defendant in this action; to any third party aligned with him, motivated to act on his behalf, or otherwise inclined to harass, surveil, or re-target Plaintiff; and to the public at large. It converts a procedural court filing into a vector for the very abuse, harassment, and surveillance this lawsuit was filed to redress.

The Court need not decide whether the disclosure was deliberate or merely careless. Either way, the harm to Plaintiff is identical and irretrievable: docket-monitoring services have likely already harvested the information; search

engines have likely already indexed it; and third-party archives have likely already preserved it beyond the reach of any subsequent redaction order. Each hour the original filing remains accessible compounds the harm. That a sophisticated institutional defendant, represented by sophisticated counsel, would expose its pro se opposing party to those consequences — unnecessarily, without consent, in a case alleging unauthorized access to her electronic systems by that same defendant's co-defendants — is conduct this Court has the authority and the reason to address now, before the harm spreads further.

### D. A Forward-Looking Protective Order Under Rule 26(c) Is Warranted and Imposes No Cognizable Burden.

Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause, to issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The same good cause that supports redaction supports a forward-looking order directing all parties — and their counsel, agents, and any third party acting at their direction (including process servers, vendors, and litigation-support personnel) — to use only Plaintiff's professional litigation contact information in future filings and service-related communications. The order is targeted and modest. It imposes no burden on any party's ability to communicate with Plaintiff or to identify her for service or jurisdictional purposes — each party has already been corresponding with Plaintiff at her professional address throughout this litigation. The burden on Google to refile two pages of Docket No. 15 with two short redactions is minimal. Plaintiff's interest in not having her personal contact information publicly broadcast on the docket of a case alleging surveillance and unauthorized access against the very defendants who would benefit from such broadcast is substantial.

### III. CONCLUSION

Plaintiff respectfully requests that the Court (1) restrict from public access Docket No. 15, Docket No. 15-1, and the Notice of Electronic Filing

-5-

transmitting them to the extent necessary to remove from public view Plaintiff's personal cellular telephone number and personal iCloud email address, pending refiling by Google; (2) direct Google to refile, within three court days of this Order, redacted versions of Docket Nos. 15 and 15-1 omitting Plaintiff's personal cellular telephone number and personal iCloud email address; and (3) enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) requiring all parties, their counsel, agents, and any third party acting at their direction, to use only Plaintiff's professional litigation contact information — (510) 828-7772 and ritter_legal@outlook.com — in all future filings and service-related communications, and not to publicly file or disclose Plaintiff's personal cellular telephone number or personal email accounts absent further order of the Court for good cause shown.

Dated: May 19, 2026

Respectfully submitted,

**Michelle Ritter**
Plaintiff Pro Se
269 S. Beverly Dr. #1315
Beverly Hills, CA 90212
(510) 828-7772
ritter_legal@outlook.com

-6-