Michelle Ritter
Plaintiff Pro Se
269 S. Beverly Dr. #1315
Beverly Hills, CA 90212
Telephone: (510) 828-7772
Email: ritter_legal@outlook.com

Plaintiff in pro per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MICHELLE RITTER, an individual,

Plaintiff,

vs.

ERIC SCHMIDT; HILLSPIRE, LLC; GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP; CRAIG H. MARCUS, an individual; WELLS FARGO BANK, N.A.; KNOX NETWORKS, INC. DBA KNOVA FINANCE; NATALYA THAKUR, an individual; KPMG LLP; GOOGLE LLC; MATTHEW HILTZIK, an individual; HILTZIK STRATEGIES, LLC, a New York limited liability company; RULTA OÜ, an Estonian entity; and DOES 1 through 50, inclusive,

Defendants.

Case No. 2:26-CV-04382-JGB-Ex

**The Honorable Jesus G. Bernal**

**PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT**

Judge: Honorable Jesus G. Bernal

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff Michelle Ritter, appearing pro se, opposes Defendant Google LLC's Ex Parte Application for an Order Extending Time to Respond to the Complaint (the "Application"), and submits this Memorandum of Points and Authorities, together with the concurrently filed Declaration of Michelle Ritter and Proposed Order. Plaintiff has also filed a separate Ex Parte Application to Seal and Redact Personal Identifying Information and for a Protective Order addressing Google's unauthorized public disclosure of Plaintiff's personal contact information.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff has always been willing to grant Google the 30-day extension Local Rule 8-3 authorizes parties to enter by stipulation — the same 30-day extension Google itself first requested on May 6, 2026, and the same 30-day extension Plaintiff has already entered with another sophisticated institutional defendant in this action, Wells Fargo Bank, N.A., without dispute. Google alone has refused that baseline accommodation and demanded fifty percent more.

Google's demand for forty-five days, when thirty days are available by stipulation, is not "good cause" for ex parte relief. It is a preference. And on the same day Google asked this Court for an indulgence beyond the Local Rule, Google publicly filed Plaintiff's personal cellular telephone number and personal email address on the docket — information Google did not need, did not request during the meet-and-confer, and had no reason to disclose, given that it had been corresponding with Plaintiff at her professional litigation address throughout. The disclosure is the subject of Plaintiff's concurrent sealing application; it is relevant here because it bears directly on the "golden rule" and professional courtesy Google

itself invokes. (Application at 3.) The Court should deny the Application or, in the alternative, grant only the 30-day extension Local Rule 8-3 supplies.

## II. BACKGROUND

Plaintiff filed the Complaint on April 24, 2026. Google's responsive pleading deadline under Federal Rule of Civil Procedure 12(a) is May 22, 2026. On May 6, Google's counsel requested a 30-day extension by email to Plaintiff's professional litigation address. (Decl. of Michelle Ritter ("Ritter Decl.") ¶¶ 3–4.) Plaintiff agreed in principle on May 8 and asked Google to send proposed language. (Id. ¶ 5.) On May 11, Google sent a draft — but for forty-five days, not thirty. (Id. ¶ 6.) Google explained that, in the five days between May 6 and May 11, an undisclosed deadline had been set in an unrelated matter and one of Google's associates would be traveling internationally from June 11 to June 26, 2026. (Id. ¶ 7.)

On May 13, Plaintiff offered to stipulate to the maximum extension Local Rule 8-3 permits without court approval — 30 days — on four standard reciprocal terms: (i) a reciprocal extension of Plaintiff's Rule 12 opposition deadline (a term Google itself offered, Gold-Diamond Decl. ¶ 8); (ii) a preservation / litigation-hold acknowledgment in light of the electronic-evidence claims pleaded in Counts I (CFAA), II (SCA), and III (Federal Wiretap Act); (iii) electronic service of subsequent filings between the parties; and (iv) a mutual no-waiver recital. (Ritter Decl. ¶ 8.) Google refused. (Id. ¶ 9.) Google filed the Application on May 18. In parallel, Plaintiff stipulated to a 30-day extension of Wells Fargo Bank, N.A.'s responsive pleading deadline under Local Rule 8-3. The Wells Fargo stipulation, executed by Plaintiff and Wells Fargo's counsel (Munger, Tolles & Olson LLP) on May 18, 2026 — the same day Google filed its Application — was entered without controversy and without any ex parte motion practice. (Ritter Decl. ¶ 10 & Ex. A.)

In its Application and the Notice of Electronic Filing transmitting it, Google publicly disclosed Plaintiff's personal cellular telephone number and

personal iCloud email address — contact items that had never previously appeared on the public docket and that Google had no need to use, given that Google had Plaintiff's professional litigation contact information and had been using it. (Id. ¶¶ 11–12; Application at 2; Dkt. No. 15 Notice of Electronic Filing.)

### III. ARGUMENT

#### A. Plaintiff Has Already Granted in This Action the Same 30-Day Extension Google Demands as Ex Parte Relief.

Local Rule 8-3 permits parties to stipulate to a 30-day extension of a responsive pleading deadline without court order. C.D. Cal. L.R. 8-3. The Rule reflects this Court's judgment about the routine accommodation opposing parties should extend without judicial involvement. Plaintiff offered exactly that. She also entered it with a co-defendant in this same Complaint: Wells Fargo Bank, N.A. — represented by Munger, Tolles & Olson LLP, which had been recently retained when Wells Fargo requested the extension (Ritter Decl. Ex. A) — stipulated to the 30-day Local Rule 8-3 baseline without controversy, on the same May 18, 2026 date that Google chose to file the instant Application. The Wells Fargo stipulation is one page. The Application is eight. The contrast is the answer to whether 30 days under Local Rule 8-3 is workable for a sophisticated institutional defendant on this Complaint. Google alone refused it. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (ex parte applications "are among the most abused parts of legal practice" and require a showing the moving party is without fault in creating the crisis).

#### B. Google's Showing for the Additional Fifteen Days Is Insufficient.

Beyond the 30 days available by stipulation, Google offers two reasons for the additional fifteen. Neither suffices even under the "exceedingly lenient" standard of Rule 6(b). *Hidden Empire Holdings, LLC v. Angelone*, 2025 WL 2377086, at *2 (C.D. Cal. July 21, 2025). First, Google cites an "additional deadline in an unrelated matter" (Gold-Diamond Decl. ¶ 5), without identifying the matter,

-3-

the deadline, the conflict, or why the matter could not be re-staffed. Quinn Emanuel is one of the largest litigation firms in the country, with hundreds of attorneys across multiple offices. An unspecified scheduling conflict for one associate is not good cause for an extension beyond the Local Rules' baseline. *Cf. Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (good cause is "non-rigorous" but still requires a stated reason). Second, Google cites one associate's international travel from June 11 to June 26, 2026. Google's team includes both Ms. Trebicka (a partner) and Ms. Gold-Diamond (an associate); Google does not represent that Ms. Trebicka is unavailable, that no other Quinn Emanuel attorney can be staffed, or that Ms. Gold-Diamond cannot work during international travel — a routine professional norm. Third, Google's complexity argument supports an extension (which Plaintiff has offered) but not the additional fifteen days, since the same Complaint produced a 30-day Local Rule 8-3 stipulation with Wells Fargo — represented by recently-retained national counsel — without controversy on the same day Google filed the instant Application.

### C. The Conditions Plaintiff Proposed Are Standard, Not "Irrelevant."

The Application states that Plaintiff conditioned her offer on "additional, irrelevant terms" (Application at 2; Gold-Diamond Decl. ¶ 9), without identifying them. The four terms were:

- A reciprocal extension of Plaintiff's Rule 12 opposition deadline — a term Google itself offered. (Gold-Diamond Decl. ¶ 8.)

- A preservation / litigation-hold acknowledgment, directly relevant to the CFAA, SCA, and Federal Wiretap Act claims pleaded in Counts I–III.

- Electronic service of subsequent filings — a standard administrative term.

- A mutual no-waiver recital — a standard recital in any stipulated extension.

Each is standard practice. Google's undisclosed characterization of these terms as "irrelevant" denies the Court a basis to evaluate the label and should be given no weight.

### D. Google's Public Disclosure of Plaintiff's Personal Contact Information Disqualifies the Application's Plea for "Professional Courtesy."

The Application invokes the "golden rule" and "professional courtesy." (Application at 3 (quoting Ahanchian).) On the same day Google asked this Court to credit those principles, Google's counsel publicly filed on the docket of this action Plaintiff's personal cellular telephone number and personal iCloud email address — contact items that (i) had not previously appeared on the docket; (ii) were not necessary to identify Plaintiff for any litigation purpose; (iii) were not requested or used by Google in the parties' May 6–14 meet-and-confer, which proceeded entirely through Plaintiff's professional litigation address; and (iv) duplicate, for no purpose, the professional contact information Plaintiff has consistently used as her contact of record. (Ritter Decl. ¶¶ 11–12.) Plaintiff did not consent to that disclosure.

The disclosure is not a technicality. The Complaint pleads claims against Google under the Computer Fraud and Abuse Act, the Stored Communications Act, and the Federal Wiretap Act (Counts I–III) arising out of unauthorized access to Plaintiff's electronic systems and communications by Google and co-defendants, including Eric Schmidt. The Complaint pleads in detail that Plaintiff has been required to repeatedly change devices, iCloud accounts, and cellular telephone numbers in response to that conduct. Google's filing now publicly broadcasts on the docket the very categories of personal contact information that the Complaint pleads were the target of defendants' unlawful access. Co-defendant Schmidt now has the personal phone and personal email on the public record — as does any third party aligned with him, paid by him, motivated to act on his behalf, or otherwise inclined to harass, surveil, or re-target Plaintiff. The disclosure converts

-5-

a procedural filing into a vector for the very abuse, harassment, and surveillance the lawsuit seeks to redress.

The Court need not decide whether Google's disclosure was intentional or merely careless. Either way, the consequences for Plaintiff are identical and irretrievable: once published on the public docket, the information is harvested by docket-monitoring services, indexed by search engines, and archived beyond any party's ability to recall. Each hour of continued exposure compounds the harm. That a party would expose its opposing pro se litigant to those consequences — unnecessarily, without consent, in a case alleging that other defendants engaged in unauthorized access to her electronic systems — is not the conduct of a party entitled to the "golden rule" and "professional courtesy" it invokes. It is the opposite.

Plaintiff is concurrently seeking sealing, redaction, and a forward-looking protective order to address the disclosure itself. For purposes of this Opposition, the disclosure bears on credibility: a movant who, on the same day it asks this Court for an indulgence beyond the Local Rule, makes an unnecessary and unauthorized public filing of its opponent's personal contact information has not earned a generous reading of "good cause."

### IV. CONCLUSION

Plaintiff appears pro se against twelve institutional and individual defendants on a Complaint that includes electronic-evidence claims subject to time-bounded preservation obligations and a Federal Arbitration Act § 10 vacatur count (Count XIII) subject to the FAA § 12 three-month statutory window. Google has identified attorney convenience. Plaintiff has identified concrete prejudice and a co-defendant who took the baseline 30 days without dispute. *Cf. Ahanchian*, 624 F.3d at 1262 (extensions "generally" granted "absent bad faith or prejudice to the other party"). The Court should (a) deny the Application; or (b) grant only a 30-day

extension under Local Rule 8-3, with leave for Google to seek additional time on a more concrete showing closer to the extended deadline.


Dated: May 19, 2026


**Michelle Ritter**
Plaintiff Pro Se
269 S. Beverly Dr. #1315
Beverly Hills, CA 90212
(510) 828-7772
ritter_legal@outlook.com

-7-
STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT
BY NOT MORE THAN 30 DAYS (L.R. 8-3)

# EXHIBIT A

MUNGER, TOLLES & OLSON LLP
James C. Rutten (State Bar No. 201791)
Erin J. Cox (State Bar No. 267954)
Adeel Mohammadi (State Bar No. 343137)
James.Rutten@mto.com
Erin.Cox@mto.com
Adeel.Mohammadi@mto.com
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendant
WELLS FARGO BANK, N.A.

[Additional Party on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHELLE RITTER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC SCHMIDT; HILLSPIRE, LLC; GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP; CRAIG H. MARCUS, an individual; WELLS FARGO BANK, N.A.; KNOX NETWORKS, INC. DBA KNOVA FINANCE; NATALYA THAKUR, an individual; KPMG LLP; GOOGLE LLC; MATTHEW HILTZIK, an individual; HILTZIK STRATEGIES, LLC, a New York limited liability company; RULTA OÜ, an Estonian entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:26-CV-04382-JGB-Ex<br><br>**STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT BY NOT MORE THAN 30 DAYS (L.R. 8-3)**<br><br>Judge:  Honorable Jesus G. Bernal<br>Complaint Served:  April 29, 2026<br>Current Response Date:  May 20, 2026<br>New Response Date: June 15, 2026<br>Action Filing Date: April 24, 2026 |

WHEREAS, on April 24, 2026, Plaintiff Michelle Ritter filed a complaint in the above-captioned action (Dkt. No. 1) ("Complaint");

WHEREAS, on April 29, 2026, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") was served with a portion of the Complaint;

WHEREAS, if service of a portion of the Complaint effected proper service on Wells Fargo, then Wells Fargo's response to the Complaint is currently due on May 20, 2026;

WHEREAS Wells Fargo recently retained outside counsel to represent it in this matter;

WHEREAS Plaintiff and Wells Fargo have conferred and agreed that the deadline for Wells Fargo to respond to the Complaint shall be June 18, 2026;

WHEREAS by entering into this stipulation, Wells Fargo does not waive, and instead expressly reserves, all jurisdictional, procedural, substantive, and other defenses and arguments available;

WHEREAS Local Rule 8-3 permits parties to extend the time to respond to an initial complaint by up to 30 days without action by the Court;

WHEREAS Plaintiff and Wells Fargo have not previously stipulated to extend the time for Wells Fargo to respond to the Complaint;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT Wells Fargo shall have through and including June 18, 2026 to answer, move against, or otherwise respond to Plaintiff's Complaint.

DATED: May 18, 2026                    MUNGER, TOLLES & OLSON LLP


By: _____
                    James C. Rutten

Attorneys for Defendant WELLS FARGO BANK, N.A.

DATED: May 18, 2026             MICHELLE RITTER

By: _____

Michelle Ritter

Plaintiff in Propria Persona


FILER'S ATTESTATION

I, James C. Rutten, hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

May 18, 2026

_____

James C. Rutten

-2-

STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT
BY NOT MORE THAN 30 DAYS (L.R. 8-3)