Michelle Ritter
Plaintiff Pro Se
269 S. Beverly Dr. #1315
Beverly Hills, CA 90212
Telephone: (510) 828-7772
Email: ritter_legal@outlook.com

Plaintiff in pro per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHELLE RITTER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC SCHMIDT; HILLSPIRE, LLC; GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP; CRAIG H. MARCUS, an individual; WELLS FARGO BANK, N.A.; KNOX NETWORKS, INC. DBA KNOVA FINANCE; NATALYA THAKUR, an individual; KPMG LLP; GOOGLE LLC; MATTHEW HILTZIK, an individual; HILTZIK STRATEGIES, LLC, a New York limited liability company; RULTA OÜ, an Estonian entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:26-CV-04382-JGB-Ex<br><br>**The Honorable Jesus G. Bernal**<br><br>**DECLARATION OF MICHELLE RITTER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT**<br><br>Judge: Honorable Jesus G. Bernal |

## <u>DECLARATION OF MICHELLE RITTER</u>

I, Michelle Ritter, declare as follows:

1.    I am the Plaintiff in this action, appearing pro se. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them.

2.    I filed the Complaint in this action on April 24, 2026.

3.    On May 6, 2026, I received an email from Delaney Gold-Diamond of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendant Google LLC, requesting a 30-day extension of Google's responsive pleading deadline.

4.    Ms. Gold-Diamond contacted me at ritter_legal@outlook.com, which is my professional litigation email address and the email address I use to communicate with opposing counsel and parties in this matter. It is the email address used to communicate with me throughout the meet-and-confer with Google.

5.    On May 8, 2026, I sent Ms. Gold-Diamond a written reply stating that I was willing to consider a stipulated extension on fair and reasonable terms and requested that Google send proposed stipulation language for my review.

6.    On May 11, 2026, I received Google's draft stipulation. The draft requested a 45-day extension — not the 30-day extension originally proposed in Google's May 6, 2026 email.

7.    On May 12, 2026, I asked Ms. Gold-Diamond why Google had expanded the request from 30 to 45 days. Ms. Gold-Diamond's response identified two reasons: (a) an unspecified additional deadline in an unrelated matter that had been set between May 6 and May 11; and (b) Ms. Gold-Diamond's international travel from June 11 to June 26, 2026.

8.    On May 13, 2026, I advised Google's counsel that I was willing to stipulate to a 30-day extension under Local Rule 8-3 — the maximum extension

the Local Rules permit by stipulation without court approval — on four standard reciprocal terms: (i) reciprocal extension of my deadlines to respond to any Rule 12 motion Google may file; (ii) a preservation / litigation-hold acknowledgment by Google in light of the electronic-evidence claims pleaded in Counts I (CFAA), II (SCA), and III (Federal Wiretap Act); (iii) a stipulation to electronic service of subsequent filings between the parties; and (iv) a mutual no-waiver recital. None of these terms is unusual in stipulated-extension exchanges between counsel. Google's counsel independently offered the reciprocal extension component (item (i)) in their May 11 draft stipulation.

9.    On May 14, 2026, Google's counsel informed me that Google would seek ex parte relief if I did not agree to a 45-day extension and invited me to propose revisions to the 45-day draft stipulation. I declined the invitation because Google had already rejected the 30-day extension I had agreed to — the maximum extension Local Rule 8-3 permits by stipulation — and further redlining the 45-day draft would not have advanced the parties' negotiation.

10.    Counsel for Defendant Wells Fargo Bank, N.A. — another sophisticated institutional defendant in this action, represented in this matter by Munger, Tolles & Olson LLP — requested a 30-day extension of Wells Fargo's responsive pleading deadline. I agreed by stipulation under Local Rule 8-3. The Wells Fargo stipulation was executed by Plaintiff and Wells Fargo's counsel on May 18, 2026 — the same day Google filed its Ex Parte Application. The Wells Fargo agreement was reached without controversy and without any ex parte motion practice. A true and correct copy of the executed Wells Fargo stipulation is attached hereto as Exhibit A.

11.    My personal cellular telephone number and my personal iCloud email address had not previously appeared on the public docket of this action prior to Google's May 18, 2026 filing. The Complaint, my filings, and the Court's docket

entries prior to Docket No. 15 identify only my professional litigation contact information.

12.   Google's Ex Parte Application and the Notice of Electronic Filing publicly disclose my personal cellular telephone number and my personal iCloud email address. Google had — and continuously used throughout the meet-and-confer — my professional litigation email address. I did not consent to the public disclosure of my personal contact information. As pleaded in the Complaint, I have been required to repeatedly change devices, iCloud accounts, and cellular telephone numbers in response to ongoing unauthorized-access conduct by certain defendants — conduct that is the very subject of Counts I, II, and III against Google. The unauthorized public disclosure by Google's counsel of those same categories of personal contact information, on the same day Google sought an indulgence beyond the Local Rule, is the subject of my concurrently filed Ex Parte Application to Seal, Redact, and for a Protective Order.

13.   To the extent the Court would benefit from the verbatim text of the parties' communications, I am prepared to lodge true and correct copies of the May 6, May 8, May 11, May 12, May 13, and May 14, 2026 emails between Google's counsel and me upon the Court's request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 19, 2026, at Beverly Hills, California.

**Michelle Ritter**

---

-3-

STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT
BY NOT MORE THAN 30 DAYS (L.R. 8-3)