FILED

2026 MAY 20  AM 11: 06

~~CLERK U.S. DISTRICT~~
~~CENTRAL DISTRICT~~
~~LOS ANGELES~~
BY:_____ AG

Michelle Ritter
Plaintiff Pro Se
269 S. Beverly Dr. #1315
Beverly Hills, CA 90212
Telephone: (510) 828-7772
Email: ritter_legal@outlook.com

Plaintiff in pro per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHELLE RITTER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC SCHMIDT; HILLSPIRE, LLC; GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP; CRAIG H. MARCUS, an individual; WELLS FARGO BANK, N.A.; KNOX NETWORKS, INC. DBA KNOVA FINANCE; NATALYA THAKUR, an individual; KPMG LLP; GOOGLE LLC; MATTHEW HILTZIK, an individual; HILTZIK STRATEGIES, LLC, a New York limited liability company; RULTA OÜ, an Estonian entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:26-CV-04382-JGB-Ex<br><br>**The Honorable Jesus G. Bernal**<br><br>**PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO REASSIGN CASE TO A JUDGE SITTING IN THE WESTERN DIVISION; DECLARATION OF MICHELLE RITTER; [PROPOSED] ORDER**<br>Judge:  Honorable Jesus G. Bernal |

PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO REASSIGN CASE TO A JUDGE SITTING IN THE WESTERN DIVISION; DECLARATION OF MICHELLE RITTER; [PROPOSED] ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Michelle Ritter, appearing in pro per, respectfully applies under Local Rule 6-1 for an Order shortening the briefing schedule and advancing the hearing date on Plaintiff's Motion to Reassign Case to a Judge Sitting in the Western Division Pursuant to Local Rule 83-1.2 and General Order 24-04, filed concurrently herewith (the "Reassignment Motion").

This Application is made pursuant to Local Rule 6-1, Local Rule 7-19, and the Court's inherent authority to manage its docket. Plaintiff respectfully requests that the Court enter an Order:

1. Setting the hearing on the Reassignment Motion for the earliest date and time available on the Court's calendar, and in no event later than fourteen (14) days following the date of entry of the Order on this Application;

2. Setting the deadline for any opposition to the Reassignment Motion at seven (7) days following the date of entry of the Order on this Application; and

3. Setting the deadline for any reply in support of the Reassignment Motion at three (3) days following the deadline for opposition.

Good cause supports the requested relief on two independent grounds. The Reassignment Motion seeks to cure a structural and recurring procedural mismatch: this action is filed in, and docketed in, the Western Division of this Court, but is assigned to a District Judge sitting in the Eastern Division at Riverside, approximately seventy miles and ninety minutes one-way from Plaintiff's Los Angeles County residence and from the offices of every Defendant's appearing and retained counsel. Each day the Reassignment Motion remains unresolved, that mismatch continues to impose travel, scheduling, and access-to-court burdens on a pro se Plaintiff, the appearing counsel for Defendant Google LLC, and the retained

PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO REASSIGN CASE TO A JUDGE SITTING IN THE WESTERN DIVISION; DECLARATION OF MICHELLE RITTER; [PROPOSED] ORDER

counsel for Defendants Wells Fargo Bank, N.A. and KPMG LLP. The earlier the Reassignment Motion is resolved, the smaller those accumulated burdens, and the cleaner the docket inherited by the receiving Judge upon any reassignment.

A cascade of imminent procedural events independently and urgently supports a shortened schedule. The following procedural events are presently pending, presently maturing, or otherwise expected within the immediate-term period during which any normally-noticed motion would remain unresolved:

- Defendant Google LLC's Ex Parte Application to Extend Time to File Answer (Dkt. 15), filed May 18, 2026, is presently pending before the assigned Judge and ripe for ruling;

- Plaintiff's Ex Parte Application to Seal and Redact Personal Identifying Information and for a Protective Order (Dkt. 17), filed May 19, 2026, is presently pending before the assigned Judge and ripe for ruling;

- Defendant Eric Schmidt was personally served with the Summons and Complaint on May 11, 2026, and his responsive pleading deadline matures on or about June 1, 2026, under Federal Rule of Civil Procedure 12(a)(1)(A)(i);

- Defendant Knox Networks, Inc. (d.b.a. Knova Finance) was formally served through OneLegal on May 11, 2026, and its responsive pleading deadline matures on or about June 1, 2026, under the same rule;

- Defendant Wells Fargo Bank, N.A.'s responsive pleading deadline, by stipulation between Plaintiff and Wells Fargo's retained counsel, is presently set for June 18, 2026;

- Defendant KPMG LLP's responsive pleading deadline is presently the subject of an ongoing stipulated-extension discussion between Plaintiff and KPMG's retained counsel and will mature in the immediate-term period;

-2-

- Defendant Google LLC's responsive pleading deadline is presently the subject of Google's pending Ex Parte Application (Dkt. 15) and will likewise mature in the immediate-term period;
- Defendant Glaser Weil Fink Howard Jordan and Shapiro LLP has already, notwithstanding the absence of formal service, demanded an extension of time within which to respond to the Complaint, signaling that its response timing will be live in the immediate-term period;
- A Rule 26(f) early-meeting-of-the-parties obligation will mature shortly after the first responsive pleading is filed, requiring direct conferral between Plaintiff and counsel for each appearing Defendant;
- An initial Rule 16 scheduling conference is likely to be set by the assigned Judge in the ordinary course as responsive pleadings accumulate; and
- Standing-order conferences, status conferences, and other case-management proceedings ordinarily required by the assigned Judge in the early stages of complex multi-defendant federal litigation are likewise expected.

Every one of these events is procedural, but every one of them is also a potential trigger for either (i) an in-person appearance by the pro se Plaintiff at the Riverside courthouse, (ii) substantive motion practice or rulings by the currently assigned Judge that would be inherited by any receiving Judge upon reassignment, or both. Resolving the assignment question now — rather than after this cascade of events has begun in earnest — is the only configuration that simultaneously avoids unnecessary three-hour round-trip travel imposed on a pro se Plaintiff, avoids the inefficiency of the currently assigned Judge issuing rulings that the receiving Judge will then need to absorb, and provides each appearing or retained Defendant with the procedural clarity of knowing where the case will be heard before each responsive pleading is finalized.

-3-

The cumulative urgency of this cascade cannot be addressed by ordinary-course motion practice. Under Local Rule 6-1's default twenty-eight-day notice period, the earliest available hearing date on the Reassignment Motion would post-date all of the imminent events identified above. By the time the Court could rule on the Reassignment Motion under the ordinary schedule, Schmidt's and Knox's responsive-pleading deadlines will have matured; Wells Fargo's extended deadline will have nearly matured; the two pending ex parte applications will have been ruled on; and substantive case-management decisions will likely have been entered. Every one of those events forfeited to the current assignment is an event that compounds the burden the Reassignment Motion seeks to cure and that, if rulings issue in the interim, the receiving Judge would inherit mid-stride. Only a shortened schedule averts that outcome.

This Application is not brought on an ex parte basis. Plaintiff has elected to proceed by noticed Application precisely because the relief sought — a shortened briefing schedule — preserves the right of every appearing or retained Defendant to be heard on both the underlying Motion and the schedule on which it is heard. The schedule Plaintiff proposes provides each appearing or retained party with a full week to oppose the Reassignment Motion, which is more than sufficient time to address what is, on its facts, a straightforward procedural request. Concurrently with the filing of this Application, Plaintiff has provided written notice of the Motion and this Application to counsel of record for Defendant Google LLC and to the retained counsel for Defendants Wells Fargo Bank, N.A. and KPMG LLP.

This Application is based on this Application, the accompanying Declaration of Michelle Ritter, the Reassignment Motion and supporting papers filed concurrently herewith, the docket in this action, and such further oral and documentary evidence as may be presented at any hearing on this Application.

-4-

PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO REASSIGN CASE TO A JUDGE SITTING IN THE WESTERN DIVISION; DECLARATION OF MICHELLE RITTER; [PROPOSED] ORDER

Dated: May 20, 2026          Respectfully submitted,

By: _____

MICHELLE RITTER

Plaintiff in Pro Per

PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO REASSIGN CASE TO A JUDGE SITTING IN THE WESTERN DIVISION; DECLARATION OF MICHELLE RITTER; [PROPOSED] ORDER

# DECLARATION OF MICHELLE RITTER

I, Michelle Ritter, declare:

1. I am the Plaintiff in this action and I appear in pro per. I have personal knowledge of the matters stated in this Declaration and, if called as a witness, could and would testify competently to them.

2. Concurrently with this Application, I am filing Plaintiff's Motion to Reassign Case to a Judge Sitting in the Western Division Pursuant to Local Rule 83-1.2 and General Order 24-04 (the "Reassignment Motion"), together with its supporting Memorandum of Points and Authorities, Declaration, and [Proposed] Order. The Reassignment Motion seeks reassignment of this action — currently docketed as Western Division case number 2:26-cv-04382-JGB-E and assigned to the Honorable Jesus G. Bernal in the Eastern Division at Riverside — to a District Judge sitting in the Western Division of this Court in Los Angeles.

3. I am a pro se litigant residing in Los Angeles County. The Riverside courthouse is approximately seventy miles and 1.5-2.5 hours away one-way from my residence. The Western Division courthouses in downtown Los Angeles are approximately twelve miles and thirty to forty minutes one-way from my residence. Each day the Reassignment Motion remains unresolved, the structural ninety-minute round-trip burden of the current assignment continues to apply to any in-person matter, scheduling decision, or appearance before the assigned Judge.

4. Three Defendants have either appeared in this action or retained counsel to do so — Google LLC (appearing through counsel at Quinn Emanuel Urquhart & Sullivan LLP in downtown Los Angeles), Wells Fargo Bank, N.A. (retained counsel at Munger, Tolles & Olson LLP in downtown Los Angeles), and KPMG LLP (retained counsel at McGuireWoods LLP in Century City). All

-6-

PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO REASSIGN CASE TO A JUDGE SITTING IN THE WESTERN DIVISION; DECLARATION OF MICHELLE RITTER; [PROPOSED] ORDER

three sets of counsel are located in Los Angeles County. As set forth in the supporting Declaration filed with the Reassignment Motion, the same ninety-minute round-trip burden of the current assignment applies to each of these counsel's ability to appear before the assigned Judge.

5. As of the date of this Declaration, the procedural posture of this action is the following. Only one Defendant — Google LLC — has formally appeared. No scheduling order has been entered. No initial status conference has occurred. No discovery has commenced. No responsive pleading has been filed by any Defendant. No substantive motion has been filed by any party other than the two procedural ex parte applications currently pending before the assigned Judge (Dkts. 15, 17), neither of which is dispositive of any claim, defense, or merits issue.

6. The following procedural events are presently pending, presently maturing, or otherwise expected within the immediate-term period during which any normally-noticed motion would remain unresolved: (a) Defendant Google LLC's Ex Parte Application to Extend Time to File Answer (Dkt. 15), filed May 18, 2026, is presently pending before the assigned Judge and ripe for ruling; (b) Plaintiff's Ex Parte Application to Seal and Redact Personal Identifying Information and for a Protective Order (Dkt. 17), filed May 19, 2026, is presently pending before the assigned Judge and ripe for ruling; (c) Defendant Eric Schmidt was personally served with the Summons and Complaint on May 11, 2026, and his responsive-pleading deadline matures on or about June 1, 2026; (d) Defendant Knox Networks, Inc. (d.b.a. Knova Finance) was formally served through OneLegal on May 11, 2026, and its responsive-pleading deadline matures on or about June 1, 2026; (e) Defendant Wells Fargo Bank, N.A.'s responsive-pleading deadline, by stipulation between me and Wells Fargo's retained counsel, is presently set for June 18, 2026; (f) Defendant KPMG LLP's responsive-pleading deadline is the subject

-7-

of an ongoing stipulated-extension discussion between me and KPMG's retained counsel and will mature in the immediate-term period; (g) Defendant Google LLC's responsive-pleading deadline is the subject of Google's pending Ex Parte Application (Dkt. 15) and will likewise mature in the immediate-term period; and (h) Defendant Glaser Weil Fink Howard Jordan and Shapiro LLP has already, notwithstanding the absence of formal service, demanded an extension of time within which to respond to the Complaint.

7. Every one of the procedural events identified in the preceding paragraph is, in my good-faith belief, a potential trigger for either an in-person appearance by me at the Riverside courthouse, a substantive ruling or order by the currently assigned Judge that any receiving Judge would inherit upon reassignment, or both. Under Local Rule 6-1's default twenty-eight-day notice period, the earliest available hearing date on the Reassignment Motion would post-date all of the events identified above. Resolving the Reassignment Motion on the ordinary schedule would therefore mean each of those events is forfeited to the current assignment.

8. Resolution of the Reassignment Motion on a shortened schedule will, in my good-faith belief, materially advance judicial economy and materially reduce the burden on me as a pro se litigant. It will allow the assignment question to be settled before the first responsive pleading deadline matures; will minimize any need for the receiving Judge to absorb procedural decisions made in the interim by the currently assigned Judge; will avoid unnecessary three-hour round-trip travel imposed on a pro se Plaintiff for any in-person matter that would otherwise be set in Riverside during the pendency of the Motion; and will reduce the cumulative travel and scheduling burden on Plaintiff and on each appearing or retained counsel during the pendency of the Motion itself.

9. Concurrently with the filing of this Application, I have provided written notice of the Reassignment Motion and this Application to counsel of record

-8-

PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO REASSIGN CASE TO A JUDGE SITTING IN THE WESTERN DIVISION; DECLARATION OF MICHELLE RITTER; [PROPOSED] ORDER

for Defendant Google LLC (Viola Trebicka and Delaney Gold-Diamond at Quinn Emanuel Urquhart & Sullivan LLP), to the retained counsel for Defendant Wells Fargo Bank, N.A. (the relevant partner at Munger, Tolles & Olson LLP), and to the retained counsel for Defendant KPMG LLP (the relevant partners at McGuireWoods LLP). That notice apprises each of them of the filing and of the relief sought. I have proceeded with the filing of this Application on a noticed basis, rather than ex parte, in order to preserve a full opportunity for each appearing or retained Defendant to be heard on the shortened schedule.

10. The shortened schedule requested in this Application — a hearing within fourteen days, opposition within seven days, and reply within three days thereafter — preserves a meaningful opportunity for each appearing or retained Defendant to oppose the Reassignment Motion while avoiding unnecessary further accrual of the burdens identified above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 20, 2026, at Beverly Hills, California.

MICHELLE RITTER

---

PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO REASSIGN CASE TO A JUDGE SITTING IN THE WESTERN DIVISION; DECLARATION OF MICHELLE RITTER; [PROPOSED] ORDER

-9-

# [PROPOSED] ORDER SHORTENING TIME

The Court, having considered Plaintiff Michelle Ritter's Application for Order Shortening Time on Motion to Reassign Case to a Judge Sitting in the Western Division, the supporting Declaration of Michelle Ritter, and the entire record in this action, and good cause appearing,

**IT IS HEREBY ORDERED that Plaintiff's Application is GRANTED.**

IT IS FURTHER ORDERED that:

1. The hearing on Plaintiff's Motion to Reassign Case to a Judge Sitting in the Western Division Pursuant to Local Rule 83-1.2 and General Order 24-04 is set for _____, 2026, at _____, in Courtroom ____ of the above-captioned Court;

2. Any opposition to the Motion shall be filed and served no later than _____, 2026; and

3. Any reply in support of the Motion shall be filed and served no later than _____, 2026.

**IT IS SO ORDERED.**

Dated: May 20, 2026

_____
HON. JESUS G. BERNAL
United States District Judge

-10-

PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO REASSIGN CASE TO A JUDGE SITTING IN THE WESTERN DIVISION; DECLARATION OF MICHELLE RITTER; [PROPOSED] ORDER