FILED

2026 MAY 20  AM 11: 06

AG

Michelle Ritter
Plaintiff Pro Se
269 S. Beverly Dr. #1315
Beverly Hills, CA 90212
Telephone: (510) 828-7772
Email: ritter_legal@outlook.com

Plaintiff in pro per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHELLE RITTER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC SCHMIDT; HILLSPIRE, LLC; GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP; CRAIG H. MARCUS, an individual; WELLS FARGO BANK, N.A.; KNOX NETWORKS, INC. DBA KNOVA FINANCE; NATALYA THAKUR, an individual; KPMG LLP; GOOGLE LLC; MATTHEW HILTZIK, an individual; HILTZIK STRATEGIES, LLC, a New York limited liability company; RULTA OÜ, an Estonian entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:26-CV-04382-JGB-Ex<br><br>**The Honorable Jesus G. Bernal**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REASSIGN CASE TO A JUDGE SITTING IN THE WESTERN DIVISION PURSUANT TO LOCAL RULE 83-1.2 AND GENERAL ORDER 24-04; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHELLE RITTER; [PROPOSED] ORDER**<br><br>Judge:  Honorable Jesus G. Bernal |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, at the earliest date and time available on the Court's calendar, or as soon thereafter as the matter may be heard, Plaintiff Michelle Ritter ("Plaintiff"), appearing in pro per, will and hereby does move this Court for an Order reassigning the above-captioned action to a District Judge sitting in the Western Division of the Central District of California, located at the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California 90012, or the First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012.

This Motion is made pursuant to Local Rule 83-1.2 of the United States District Court for the Central District of California, General Order No. 24-04, and the Court's inherent authority to manage its docket. This Motion is made on the grounds that:

(1) Plaintiff's Civil Cover Sheet (Form CV-71), filed concurrently with the Complaint on April 24, 2026, designated the Western Division as the initial division for this action, and every cascading answer in Section VIII of the Cover Sheet resolved to the Western Division;

(2) The case is docketed as Western Division case number 2:26-cv-04382-JGB-E, with the docket header expressly identifying the case as filed in the "Western Division – Los Angeles," yet the case has been assigned to the Honorable Jesus G. Bernal, who presides over matters in Riverside in the Court's Eastern Division;

(3) Every operative fact giving rise to Plaintiff's claims occurred in Los Angeles County, and no operative fact occurred in Riverside or San Bernardino Counties;

(4) Plaintiff and the principal California-based Defendants in this action are all anchored to Los Angeles County, including Glaser Weil Fink Howard Jordan and Shapiro LLP (principal place of business in Century City), Craig H. Marcus (who practices law in Los Angeles County), and Eric Schmidt (who owns extensive real estate in Los Angeles County and regularly conducts personal and business activities there), and every Defendant that has either appeared in this action or retained counsel to do so — Google LLC, Wells Fargo Bank, N.A., and KPMG LLP — has done so through counsel located in Los Angeles County;

(5) The current assignment imposes a substantial and unnecessary burden on Plaintiff, a pro se litigant residing in Los Angeles County, who must travel approximately ninety (90) minutes each way between her residence and the Riverside courthouse for hearings and proceedings in an action filed in, and docketed by, the Los Angeles courthouse; and

(6) Plaintiff has documented, court-recognized safety and security concerns connected to Los Angeles County conduct alleged in the Complaint, which weigh heavily in favor of keeping all in-person federal proceedings in the same county where local law enforcement, the Los Angeles Superior Court restraining-order infrastructure, and Plaintiff's support network are based.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Michelle Ritter, the Civil Cover Sheet filed on April 24, 2026, the docket in this action, the Complaint and all exhibits thereto, all matters of which this Court may take judicial notice, and such further oral and documentary evidence as may be presented at the hearing on this Motion.

Executed on May 20, 2026, at Beverly Hills, California.

-2-

Respectfully submitted,

By: _____

MICHELLE RITTER

Plaintiff in Pro Per

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Michelle Ritter respectfully moves for reassignment of this action to a District Judge sitting in the Western Division of the Central District of California. This Motion is not a challenge to venue under 28 U.S.C. § 1391, which is properly pleaded in the Central District of California, nor a challenge to the divisional classification of this case, which is and should remain in the Western Division. This Motion seeks the narrow and discrete relief of judicial reassignment to a District Judge whose physical chambers and courtroom are located in the Western Division courthouse to which this case was filed and in which it is presently docketed.

Plaintiff filed this action on April 24, 2026, in the Western Division. Her Civil Cover Sheet directed the case to the Western Division. The case was assigned the Western Division case-number prefix "2:" by the Clerk. The CM/ECF docket header identifies the action as filed in the "Western Division – Los Angeles." Notwithstanding the Western Division designation on the face of the Cover Sheet, the case number, and the docket itself, the case has been assigned to the Honorable Jesus G. Bernal, who presides over matters approximately seventy miles east of the Los Angeles courthouse, in Riverside.

The current assignment produces a procedural anomaly with substantive consequences for Plaintiff. Filings, intake, and the Clerk's Office for this action are located in Los Angeles. Plaintiff resides in Beverly Hills, in Los Angeles County. The principal California-based Defendants in this action are all anchored to Los Angeles County: Defendant Glaser Weil Fink Howard Jordan and Shapiro LLP maintains its principal place of business in Century City; Defendant Craig H. Marcus

-4-

practices law in Los Angeles County, including in-person at Plaintiff's Los Angeles County residences; and Defendant Eric Schmidt owns extensive real estate in Los Angeles County, regularly conducts personal and business activities there, and was personally present in Los Angeles County for the December 17, 2024 procurement event central to this action. Every operative event giving rise to the Complaint occurred in Los Angeles County. And, critically, every Defendant that has either appeared in this action or retained counsel to do so — Google LLC, Wells Fargo Bank, N.A., and KPMG LLP — has done so through counsel located in Los Angeles County. Yet, under the present assignment, Plaintiff — a pro se litigant — must travel approximately ninety minutes each way to Riverside for hearings, proceedings, and any in-person matter before the assigned judge, while filings continue to be processed and docketed in Los Angeles, and the appearing and retained defense counsel must do the same.

The reassignment Plaintiff seeks would align the judicial assignment with the divisional classification already established by the Clerk, the Civil Cover Sheet, the case number, and the geographic concentration of the parties, the operative conduct, and the legal representation that has actually engaged in this action. It would honor the venue facts pleaded in the Complaint, materially reduce the burden on a pro se litigant, and serve substantial safety, judicial economy, and party-convenience interests. Accordingly, Plaintiff respectfully requests that the Court grant this Motion and reassign the action to a District Judge sitting in the Western Division.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Plaintiff Filed in, and the Action Is Docketed in, the Western Division.

-5-
-

On April 24, 2026, Plaintiff filed the Complaint in this action in the Central District of California. (Dkt. No. 1.) Plaintiff filed her Civil Cover Sheet (Form CV-71) concurrently with the Complaint. (Ritter Decl. ¶ 2 & Ex. A.) Every entry on the Civil Cover Sheet directed the case to the Western Division:

- Item I(b) — County of Residence of First Listed Plaintiff: Los Angeles County.

- Item I(b) (right column) — County of Residence of First Listed Defendant: Los Angeles County.

- Section VIII, Question A — Removed from State Court: No.

- Section VIII, Question B — United States as Plaintiff: No.

- Section VIII, Question C — United States as Defendant: No.

- Section VIII, Question D — Location of Plaintiffs and Defendants: Column C, "Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County," for both plaintiff residence and defendant residence; Columns A (Orange) and B (Riverside or San Bernardino) left unmarked.

- Section VIII, Question D.1 — Any Answer in Column A (Orange): No.

- Section VIII, Question D.2 — Any Answer in Column B (Riverside or San Bernardino): No.

- Section VIII, Question E — Initial Division: Western.

- Section VIII, Question F — Northern Counties (Ventura, Santa Barbara, San Luis Obispo): No.

(Ritter Decl. Ex. A.) The Civil Cover Sheet thus designates the Western Division as the initial division, both expressly at Question E and through every cascading answer in Section VIII.

The Clerk of Court issued the case the docket number 2:26-cv-04382-JGB-E. (Dkt., generally.) The leading digit "2" of that case number is the Court's standard administrative indicator that a case has been opened in the Western Division. The CM/ECF docket header for the action expressly states: "UNITED STATES DISTRICT COURT / CENTRAL DISTRICT OF

-6-

CALIFORNIA (Western Division – Los Angeles)." (Ritter Decl. ¶ 3 & Ex. B.) The Notice of Assignment entered at Docket Entry 6 on May 5, 2026 assigns the case to Judge Bernal, who sits in Riverside, with discovery referred to Magistrate Judge Charles F. Eick. (Dkt. No. 6.) No reassignment order, related-case order, or minute order on the public docket explains the assignment of a Western-Division-docketed case to an Eastern-Division judge.

**B.    The Principal California-Based Defendants Are Anchored to Los Angeles County.**

Three of the Defendants whose conduct is central to the Complaint are anchored to Los Angeles County:

First, Defendant Glaser Weil Fink Howard Jordan and Shapiro LLP, a California limited liability partnership, maintains its principal place of business at 10250 Constellation Boulevard, Los Angeles, California 90067, in Century City. (Compl. ¶ 15.) Glaser Weil is, on the face of the Complaint, the single largest California-based institutional Defendant in this action and the firm whose conduct is at the heart of the AAA-related and procedural counts pleaded in the Complaint. Although Glaser Weil has not yet been formally served with the Complaint in this action, the firm has actively engaged with this federal action from its Century City office, including by communicating with Plaintiff regarding an extension of time to respond to the Complaint. (Ritter Decl. ¶ 9.)

Second, Defendant Craig H. Marcus is the Glaser Weil partner whose specific conduct is alleged throughout the Complaint to have driven the procedural and reputational injuries underlying multiple counts. Mr. Marcus practices law in Los Angeles County. (Ritter Decl. ¶ 7.) Each of Plaintiff's in-person interactions with Mr. Marcus in the events giving rise to the Complaint — including at Plaintiff's own residences in Los Angeles County — has occurred in Los Angeles County. (Id.)

Third, Defendant Eric Schmidt owns extensive real estate in Los Angeles County and regularly conducts personal and business activities there. (Ritter Decl. ¶ 8.) The December 17, 2024 on-site coercive procurement event central to the rescission, Bane Act, and abuse-of-process allegations in the Complaint occurred at Plaintiff's parents' residence in Los Angeles County and was conducted with Mr. Schmidt's direct personal involvement. (Compl. ¶ 15.) Mr. Schmidt's Los Angeles County real-estate holdings, ongoing presence, and direct participation in the conduct at issue are integral to the operative facts of this action.

These three Defendants — Glaser Weil, Mr. Marcus, and Mr. Schmidt — are not peripheral parties. They are the Defendants whose conduct is most heavily alleged throughout the Complaint, and their Los Angeles County anchoring is integral to the operative facts of this action.

**C.   All Operative Conduct Alleged in the Complaint Occurred in Los Angeles County.**

The Complaint alleges a coordinated, multi-instrument course of conduct directed at Plaintiff in Los Angeles County. The operative facts giving rise to each cause of action are anchored to Los Angeles County, not Riverside or San Bernardino County. Specifically, and without limitation:

- Plaintiff resides in Beverly Hills, Los Angeles County. (Ritter Decl. ¶ 1.)
- The December 17, 2024 on-site coercive procurement event central to the rescission and Bane Act allegations occurred at Plaintiff's parents' residence in Los Angeles County, in the personal presence of Defendant Eric Schmidt. (Compl. ¶ 15.)
- The unauthorized access of Plaintiff's "Champagne" MacBook Air on January 9, 2026, central to the Computer Fraud and Abuse Act claim (Count I), occurred while the device was in Plaintiff's possession in Los Angeles County. (Compl. ¶ 15.)
- The American Arbitration Association proceeding underlying Counts IV and XIII — AAA Case No. 01-25-0000-2191 — is venued in Los Angeles. (Compl. ¶ 15.)

-8-

- The CGNET workspace seizure on December 7–10, 2024 affected Google Workspace tenants administered for, and operated by, a California-resident plaintiff with all relevant infrastructure directed into California. (Compl. ¶ 194.)

- The December 2024 surveillance conduct documented by the Los Angeles Police Department, including identification of the surveilling vehicle bearing California license plate 9NBZ449, occurred in Los Angeles County. (Compl. ¶¶ 193–194.)

- The Wells Fargo conduct alleged in the Complaint was directed at a California account-holder. (Compl. ¶ 15.)

- The Glaser Weil conduct alleged in the Complaint was directed from the firm's principal place of business in Century City, Los Angeles County. (Compl. ¶ 15.)

Beyond the operative-event geography, no anticipated witness in this action is based in Riverside or San Bernardino County. The witnesses Plaintiff anticipates calling, and the witnesses Plaintiff anticipates Defendants may call, are based principally in Los Angeles County itself, in the San Francisco Bay Area, or on the East Coast of the United States. (Ritter Decl. ¶ 14.) For each of those witness clusters, the Western Division courthouse in downtown Los Angeles is materially more accessible than the Riverside courthouse — directly so for Los Angeles County witnesses, and through Los Angeles International Airport ("LAX") for witnesses arriving from the Bay Area or the East Coast.

No operative fact, no Defendant, and no witness anchor any portion of this action to Riverside or San Bernardino County.

**D.   Every Defendant That Has Appeared or Retained Counsel Has Done So Through Los Angeles County Counsel.**

As of the filing of this Motion, four Defendants — Google LLC, Wells Fargo Bank, N.A., KPMG LLP, and Glaser Weil Fink Howard Jordan and Shapiro LLP — have either appeared in

this action, retained counsel to do so, or actively engaged with this action notwithstanding the absence of formal service. In each case, the locus of the engagement is in Los Angeles County, within a short geographic radius of the Western Division courthouses and substantially distant from the Riverside courthouse. The pattern is striking, consistent, and entirely one-directional.

First, on May 11, 2026, Defendant Google LLC became the first Defendant to appear in this action through counsel of record. (Dkts. 9, 10, 11.) Google LLC has appeared through Viola Trebicka and Delaney Gold-Diamond at Quinn Emanuel Urquhart & Sullivan LLP, whose offices are located at 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017. (Dkt. Nos. 9, 11.) That address is in downtown Los Angeles, approximately one city block from the Edward R. Roybal Federal Building.

Second, Defendant Wells Fargo Bank, N.A. has retained Munger, Tolles & Olson LLP to represent it in this action, and counsel for Wells Fargo has communicated with Plaintiff regarding a stipulated extension of Wells Fargo's response deadline. (Ritter Decl. ¶ 10.) Munger, Tolles & Olson LLP maintains an office in downtown Los Angeles, California, in Los Angeles County, approximately three city blocks from the Edward R. Roybal Federal Building.

Third, Defendant KPMG LLP has retained McGuireWoods LLP to represent it in this action, and counsel for KPMG has communicated with Plaintiff regarding a stipulated extension of KPMG's response deadline. (Ritter Decl. ¶ 11.) McGuireWoods LLP maintains an office in Century City, Los Angeles, California, in Los Angeles County, approximately ten miles from the Edward R. Roybal Federal Building and approximately seventy miles from the Riverside courthouse.

Fourth, Defendant Glaser Weil Fink Howard Jordan and Shapiro LLP — a California limited liability partnership whose principal place of business is in Century City, in Los Angeles County — has, notwithstanding the absence of formal service of the Complaint, actively engaged

with this federal action from its Century City office, including by communicating with Plaintiff regarding an extension of time within which to respond to the Complaint. (Ritter Decl. ¶ 9.) That engagement confirms that Glaser Weil is actively litigating this action, and is doing so from its Los Angeles County office, not from any office located in Riverside or San Bernardino County.

Four of the most institutionally sophisticated Defendants in this action — a global technology company, a national bank, a Big Four accounting firm, and the largest California-based institutional Defendant — have therefore each engaged with this litigation from offices located in Los Angeles County. None has engaged from Riverside, San Bernardino, or any neighboring county. The defense-side legal infrastructure of this action is concentrated in Los Angeles County, not in Riverside.

**E.    Riverside Is Approximately Ninety Minutes from Plaintiff's Residence and from Each Appearing and Retained Defense Counsel.**

Plaintiff resides at 269 South Beverly Drive, Beverly Hills, California 90212. (Ritter Decl. ¶ 1.) The George E. Brown, Jr. Federal Building and United States Courthouse, where Judge Bernal presides, is located at 3470 Twelfth Street, Riverside, California 92501 — approximately seventy miles east of Plaintiff's residence. (Ritter Decl. ¶ 4.) Travel time between Plaintiff's residence and the Riverside courthouse is, under typical weekday morning traffic conditions, approximately ninety minutes each way, or three hours round-trip per appearance. (Id.) By contrast, both the Edward R. Roybal Federal Building and the First Street Courthouse — the two Western Division courthouses in downtown Los Angeles — are located approximately twelve miles from Plaintiff's residence, with typical travel times of thirty to forty minutes each way. (Id. ¶ 5.)

The Western Division courthouses are the same buildings in which Plaintiff's filings are physically processed by the Clerk of Court. Under the present assignment, Plaintiff must file

-11-
-

documents in Los Angeles, but appear in person before the assigned judge ninety minutes away in Riverside. The same approximately ninety-minute each-way burden applies to Google LLC's appearing counsel and to the counsel retained by Wells Fargo and KPMG.

### F.    Plaintiff Has Court-Documented Safety Concerns Anchored to Los Angeles County.

The Complaint pleads, and the Los Angeles Superior Court record reflects, court-documented safety concerns directly connected to the conduct at issue in this action. In December 2024, Plaintiff was the target of private-investigator surveillance in Los Angeles County. The Los Angeles Police Department responded to the surveillance and identified the surveilling vehicle by California license plate (9NBZ449, Kia), and identified a second surveilling vehicle (9CXM150). (Compl. ¶ 193.) LAPD officers advised Plaintiff to seek an immediate restraining order. (Id.)

On December 11, 2024, Plaintiff filed a Request for Domestic Violence Restraining Order in the Los Angeles Superior Court, documenting post-Settlement surveillance, stalking of Plaintiff's elderly parents, digital intrusions, cyber breaches, and a coordinated economic-coercion pattern. (Compl. ¶¶ 195–196.) The DVRO Request remains a court-filed, judicially-noticeable record under California Evidence Code section 452(d). (Id. ¶ 196.) The Los Angeles Superior Court issued a Notice of Court Hearing on December 12, 2024. (Id. ¶ 195.)

These safety concerns are not abstract. They are directly tied to the conduct pleaded in the federal Complaint, and the response infrastructure — LAPD, the Los Angeles Superior Court restraining-order apparatus, Plaintiff's treating providers, and Plaintiff's family support network — is concentrated in Los Angeles County. Requiring Plaintiff to travel ninety minutes each way to Riverside for every in-person appearance separates her, for the duration of each appearance day, from precisely the local safety, law-enforcement, and support infrastructure that has previously been mobilized in response to the conduct alleged in this action.

**G.    No Substantive Ruling Has Been Issued in This Action.**

As of the filing of this Motion, the procedural posture of this action is the following. Only one Defendant — Google LLC — has formally appeared on the docket. (Dkts. 9, 11.) Three additional Defendants — Wells Fargo Bank, N.A., KPMG LLP, and Glaser Weil Fink Howard Jordan and Shapiro LLP — have engaged with this action through retained counsel or direct communication with Plaintiff. (Ritter Decl. ¶¶ 9–11.) Two additional Defendants — Eric Schmidt and Knox Networks, Inc. — were formally served with the Summons and Complaint on May 11, 2026, Schmidt by personal service and Knox through service effectuated by OneLegal. (Ritter Decl. ¶ 12.) Notwithstanding this engagement, no scheduling order has been entered. No initial status conference has occurred. No discovery has commenced. No Defendant has filed a responsive pleading. No substantive motion has been filed by any party. The only matters presently pending before the assigned judge are two procedural ex parte applications: Defendant Google LLC's May 18, 2026 Ex Parte Application to Extend Time to File Answer (Dkt. 15) and Plaintiff's May 19, 2026 Ex Parte Application to Seal and Redact Personal Identifying Information and for a Protective Order (Dkt. 17). Neither pending ex parte application is dispositive of any claim, defense, or merits issue.

**III.    LEGAL STANDARD**

Local Rule 83-1.2 of the United States District Court for the Central District of California governs the assignment, transfer, and reassignment of cases within the District. Under Local Rule 83-1.2.1, all civil and criminal cases shall be assigned to District Judges by the Clerk in such a manner that the cases are equitably distributed among the Judges of the Court. Local Rule 83-1.2.2 authorizes the Court, in the interests of justice and judicial economy, to transfer or reassign actions among Judges within the District.

-13-

General Order No. 24-04, which governs case assignment in this District, establishes that civil cases are assigned by division and that the Western Division embraces Los Angeles, Ventura, Santa Barbara, and San Luis Obispo Counties, while the Eastern Division embraces Riverside and San Bernardino Counties. General Order No. 24-04 §§ I.B.1, II. The Civil Cover Sheet (Form CV-71), required by Local Rule 3-1, is the operative document by which a filing party identifies the appropriate division for case assignment.

Independent of the Local Rules and the General Order, the Court possesses inherent authority to manage its docket, including by reassigning cases among Judges of the District when justice and the efficient administration of the Court so require. Landis v. North American Co., 299 U.S. 248, 254 (1936) (recognizing the inherent power of the district court to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); Dietz v. Bouldin, 579 U.S. 40, 45 (2016) (courts retain inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

## IV.   ARGUMENT

### A.   The Civil Cover Sheet and the Case Number Both Designate the Western Division.

Plaintiff's Civil Cover Sheet designates the Western Division as the initial division for this action. (Ritter Decl. Ex. A.) The Cover Sheet is not ambiguous, internally inconsistent, or incomplete. Every entry in the residence cascade in Section VIII resolves to the Western Division, and Question E expressly identifies the Western Division as the initial division. The Clerk of Court accepted that designation: the case bears the case-number prefix "2:", the Court's administrative indicator of a Western Division civil case, and the CM/ECF docket header

-14-
-

expressly identifies the case as filed in the "Western Division – Los Angeles." (Ritter Decl. Ex. B.)

Where a party's Cover Sheet correctly designates a division and the Clerk of Court has correctly accepted that designation, judicial assignment should ordinarily follow the division identified by the Cover Sheet and reflected in the case number. The present assignment to a judge sitting outside the Western Division creates a functional mismatch between the divisional classification of the case (Western) and the physical location of the assigned judge (Eastern). That mismatch can be cured by reassignment without altering the divisional classification, the case number, the docket header, or any aspect of Plaintiff's pleadings or filings.

**B.    The Principal California-Based Defendants and the Operative Conduct Are All Anchored to Los Angeles County.**

The operative-facts analysis confirms the divisional designation reflected on the Cover Sheet. As detailed in Sections II.B and II.C above, the principal California-based Defendants in this action are all anchored to Los Angeles County:

- Defendant Glaser Weil Fink Howard Jordan and Shapiro LLP maintains its principal place of business at 10250 Constellation Boulevard, in Century City, Los Angeles County.

- Defendant Craig H. Marcus practices law in Los Angeles County, and Plaintiff's in-person interactions with Mr. Marcus relevant to the events alleged in the Complaint, including at Plaintiff's own Los Angeles County residences, all occurred in Los Angeles County.

- Defendant Eric Schmidt owns extensive real estate in Los Angeles County, regularly conducts personal and business activities there, and personally participated in the December 17, 2024 procurement event at the Los Angeles County residence at issue in the Complaint.

-15-
-

Beyond these party anchors, every material event giving rise to the Complaint occurred in Los Angeles County: the December 17, 2024 procurement at Plaintiff's parents' Los Angeles County residence; the January 9, 2026 unauthorized access of Plaintiff's MacBook in Los Angeles County; the AAA arbitration venued in Los Angeles; the CGNET workspace seizure directed at a Los Angeles County resident; the December 2024 PI surveillance documented by LAPD in Los Angeles County; the Glaser Weil conduct directed from Century City; and the Wells Fargo account conduct directed at a California account-holder. (Compl. ¶¶ 15, 193–196.)

By contrast, the Complaint pleads no operative conduct in Riverside or San Bernardino County. No Defendant is alleged to reside in Riverside or San Bernardino County. No witness is identified as residing in Riverside or San Bernardino County. No physical evidence is alleged to be located in Riverside or San Bernardino County.

The operative-facts mismatch with the present assignment is total: this is a Los Angeles County action assigned to a Riverside courthouse.

**C.   The Convenience of the Parties Strongly Favors the Western Division.**

The convenience-of-parties analysis under Local Rule 83-1.2 and the Court's inherent docket-management authority is not based on residency alone; it considers, among other things, where parties have actually retained counsel, where appearing parties physically litigate, and where the practical center of gravity of the litigation lies. On every measurable dimension, the convenience analysis here points to the Western Division, and the consistency of the data is itself probative.

First, Plaintiff resides in Beverly Hills, Los Angeles County, twelve miles from the Western Division courthouses. (Ritter Decl. ¶¶ 1, 5.) The Western Division is, for Plaintiff, the closest federal courthouse in the District.

Second, the principal California-based Defendants in this action — Glaser Weil Fink Howard Jordan and Shapiro LLP (Century City principal place of business), Craig H. Marcus (Los Angeles County legal practice and in-person presence at Los Angeles County residences), and Eric Schmidt (extensive Los Angeles County real-estate holdings and ongoing personal and business activities) — are all anchored to Los Angeles County. For each, the Western Division courthouses are materially more convenient than the Riverside courthouse, both as a matter of physical distance and as a matter of the location of the underlying conduct.

Third, and most concretely, every Defendant that has either appeared in this action, retained counsel to respond to the Complaint, or actively engaged with this action has done so through Los Angeles-based counsel or from a Los Angeles County office:

- Defendant Google LLC has appeared through Quinn Emanuel Urquhart & Sullivan LLP, at 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 — approximately one city block from the Western Division courthouse, and approximately seventy miles from the Riverside courthouse.

- Defendant Wells Fargo Bank, N.A. has retained Munger, Tolles & Olson LLP, with counsel in downtown Los Angeles, approximately three city blocks from the Western Division courthouse, and approximately seventy miles from the Riverside courthouse. (Ritter Decl. ¶ 10.)

- Defendant KPMG LLP has retained McGuireWoods LLP, with counsel in Century City, approximately ten miles from the Western Division courthouses, and approximately seventy miles from the Riverside courthouse. (Ritter Decl. ¶ 11.)

- Defendant Glaser Weil Fink Howard Jordan and Shapiro LLP — though not yet formally served with the Complaint — has actively engaged with this federal action from its Century City office in Los Angeles County, approximately ten miles from the Western Division courthouses and approximately seventy miles from the Riverside courthouse, including by communicating with Plaintiff regarding an extension of time to respond. (Ritter Decl. ¶ 9.)

-17-

Four of the most institutionally sophisticated Defendants in this action — Google, Wells Fargo, KPMG, and Glaser Weil — have each independently engaged with this litigation from offices located in Los Angeles County. That convergent choice is itself a market signal: when major Defendants face a federal action in this District, they engage from where the practical center of gravity of the litigation lies. For all four, that center of gravity is Los Angeles, not Riverside. None has engaged from a location in Riverside, San Bernardino, or any neighboring county.

Fourth, the remaining non-appearing Defendants are predominantly non-California residents, located primarily on the East Coast, in Estonia, or in jurisdictions outside the Central District of California: Defendants Hiltzik and Hiltzik Strategies (New York); Defendants Knox Networks and Thakur (New York); and Defendant Rulta OÜ (Estonia). For each of these out-of-state and out-of-country Defendants, the Western Division courthouse is materially more accessible by air travel than the Riverside courthouse. Los Angeles International Airport ("LAX") is approximately sixteen miles from the Western Division courthouses and is served by direct daily flights from John F. Kennedy International, LaGuardia, Newark Liberty International, San Francisco International, Oakland International, and San José Mineta International — that is, from every major airport in each cluster from which Defendants and any of their custodians, officers, or counsel would be expected to travel. Bob Hope (BUR), Long Beach (LGB), and John Wayne (SNA) also serve the Los Angeles basin. By contrast, Riverside has no commercial airport within the same accessibility radius; the closest is Ontario International (ONT), which has materially fewer direct routes from the East Coast and the Bay Area and which requires additional ground transport to reach the Riverside courthouse.

Fifth, the convenience of non-party witnesses points uniformly to the Western Division. As set forth in the supporting Declaration, the witnesses Plaintiff anticipates calling, and the witnesses

-18-

Plaintiff anticipates Defendants may call, are based principally in Los Angeles County itself, in the San Francisco Bay Area, or on the East Coast of the United States. (Ritter Decl. ¶ 14.) No anticipated witness is based in Riverside or San Bernardino County. (Id.) For each of those witness clusters — local, Bay Area, and East Coast — the Western Division courthouse is materially more accessible than the Riverside courthouse: directly so for Los Angeles County witnesses, and through LAX (with the airport-accessibility advantages identified immediately above) for witnesses arriving from outside Southern California.

In short, no party in this action — neither the pro se Plaintiff, nor the principal California-based Defendants, nor any of the four Defendants who have appeared, retained counsel, or actively engaged with this litigation, nor any of the non-California Defendants, nor any anticipated witness — has a convenience interest favoring the Riverside courthouse over the Western Division courthouses. The convenience-of-parties and convenience-of-witnesses factors uniformly favor Western Division reassignment.

**D.  The Current Assignment Imposes a Substantial and Unnecessary Burden on a Pro Se Litigant.**

Plaintiff is a pro se litigant. She handles every aspect of this litigation personally, without the support of associate attorneys, paralegals, or law clerks. Each in-person appearance in Riverside requires approximately three hours of round-trip travel time, plus the time of the appearance itself. (Ritter Decl. ¶ 4.) That is time during which Plaintiff cannot file responsive briefing, prepare for depositions, review discovery, manage the AAA-related proceedings stayed pending federal resolution, or attend to the other obligations a pro se plaintiff in complex multi-front litigation must personally handle.

The procedural posture of the present assignment compounds the burden. Plaintiff's filings are processed by the Clerk's Office in Los Angeles. Plaintiff appears, in person, in Riverside.

-19-

Filings flow one direction; appearances flow the other. There is no plausible administrative or judicial-economy justification for a configuration in which a pro se plaintiff files in Los Angeles and is required to appear ninety minutes away. Reassignment to a Western Division judge would consolidate filings, intake, and in-person appearances in the same physical courthouse — the courthouse to which Plaintiff already directs every paper submission in this action.

Courts in this District have long recognized the elevated importance of access-to-court considerations for pro se litigants. The current assignment produces a meaningful, recurring, and entirely avoidable access-to-court burden on a pro se plaintiff that is unjustified on the operative facts of this action.

**E.    Court-Documented Safety Concerns Anchor This Action to Los Angeles County.**

As detailed in Section II.F above, Plaintiff's Complaint pleads, and the Los Angeles Superior Court record reflects, court-documented safety concerns connected to the conduct at issue in this action. The Los Angeles Police Department has previously responded to surveillance directed at Plaintiff in Los Angeles County and has identified the surveilling vehicles by license plate. (Compl. ¶ 193.) Plaintiff filed a Request for Domestic Violence Restraining Order in the Los Angeles Superior Court on December 11, 2024, documenting the conduct that forms a substantial portion of the federal claims at issue here. (Compl. ¶¶ 195–196.)

The safety infrastructure on which Plaintiff has previously relied, and on which she may need to rely in the future in connection with this action, is concentrated in Los Angeles County. LAPD jurisdiction does not extend to Riverside. The Los Angeles Superior Court restraining-order apparatus does not extend to Riverside. Plaintiff's treating providers and her family support network are in Los Angeles County. Each ninety-minute Riverside appearance separates Plaintiff, for the entire appearance day, from the law-enforcement, judicial, and personal-safety infrastructure that has been activated in response to the conduct alleged in this action.

-20-

This is not an abstract concern. It is a concrete, documented, court-recognized risk that weighs heavily in favor of keeping all in-person federal proceedings in Los Angeles County.

**F.    Reassignment Will Not Prejudice Any Party.**

This action is in its earliest procedural stages. The Complaint was filed on April 24, 2026. Only one Defendant — Google LLC — has formally appeared. No scheduling order has been entered. No initial status conference has occurred. No discovery has commenced. No Defendant has filed a responsive pleading. No substantive motion has been filed by any party. No substantive ruling has been issued by the Court. The two ex parte applications presently pending before the assigned judge — Google LLC's May 18, 2026 Ex Parte Application to Extend Time to File Answer (Dkt. 15) and Plaintiff's May 19, 2026 Ex Parte Application to Seal and Redact Personal Identifying Information and for a Protective Order (Dkt. 17) — address discrete procedural matters and are not dispositive of any claim, defense, or merits issue. Whether ruled on by the currently assigned judge or by the receiving judge upon reassignment, those applications will proceed on the same procedural footing.

Reassignment at this stage will impose no meaningful workload transition, will require no party to redo any briefing, and will result in no waste of judicial resources. By contrast, declining reassignment will lock in, for the entire duration of the action, a structural ninety-minute round-trip burden on Plaintiff, a corresponding ninety-minute travel burden on the appearing counsel for Google LLC and on the retained counsel for Wells Fargo and KPMG, and a permanent geographic mismatch between the divisional classification of the case and the location of its assigned judge. The earlier in the action this mismatch is corrected, the smaller the institutional and party costs of correction.

**V.    CONCLUSION**

-21-

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the [Proposed] Order accompanying this Motion and reassign this action to a District Judge sitting in the Western Division of the Central District of California.

Dated: May 20, 2026          Respectfully submitted,

By: _____

MICHELLE RITTER

Plaintiff in Pro Per

-22-

# DECLARATION OF MICHELLE RITTER

I, Michelle Ritter, declare:

1. I am the Plaintiff in this action and I appear in pro per. I have personal knowledge of the matters stated in this Declaration and, if called as a witness, could and would testify competently to them. I reside at 269 South Beverly Drive, No. 1315, Beverly Hills, California 90212, in Los Angeles County.

2. On April 24, 2026, I filed the Complaint and the Civil Cover Sheet (Form CV-71) in this action in the United States District Court for the Central District of California. A true and correct copy of the Civil Cover Sheet I filed on April 24, 2026 is attached to this Declaration as Exhibit A.

3. On or about May 19, 2026, I retrieved the public docket for this action from PACER. A true and correct copy of the public docket as of May 19, 2026 is attached to this Declaration as Exhibit B. The docket header identifies this action as filed in the "Western Division – Los Angeles" of the Central District of California, with case number 2:26-cv-04382-JGB-E. The docket entries reflect that, on May 5, 2026, the Clerk of Court issued a Notice of Assignment (Dkt. No. 6) assigning this case to the Honorable Jesus G. Bernal for all further proceedings and referring discovery matters to Magistrate Judge Charles F. Eick. The docket contains no order of reassignment, no related-case order, and no minute order on the public record explaining the assignment to a judge sitting in Riverside.

-23-
-

4.    The George E. Brown, Jr. Federal Building and United States Courthouse, where Judge Bernal presides, is located at 3470 Twelfth Street, Riverside, California 92501. The distance between my residence in Beverly Hills and the Riverside courthouse is approximately seventy miles. Under typical weekday morning traffic conditions on Interstate 10 and the connecting routes, the one-way driving time from my residence to the Riverside courthouse is approximately ninety minutes. The round-trip travel time is therefore approximately three hours per appearance day, not including time spent at the courthouse itself.

5.    The two Western Division courthouses in downtown Los Angeles — the Edward R. Roybal Federal Building, located at 255 East Temple Street, Los Angeles, California 90012, and the First Street Courthouse, located at 350 West 1st Street, Los Angeles, California 90012 — are each approximately twelve miles from my residence. The one-way driving time to either Western Division courthouse, under typical weekday morning traffic conditions, is approximately thirty to forty minutes.

6.    I am a pro se litigant. I personally handle every aspect of this action without the assistance of attorneys, paralegals, or law clerks. Travel time imposed by in-person appearances is time during which I cannot prepare filings, review discovery, manage the parallel AAA-related proceedings preserved in the Complaint, or attend to the other day-to-day obligations of a pro se plaintiff in complex litigation.

7.    Defendant Craig H. Marcus is a partner at Defendant Glaser Weil Fink Howard Jordan and Shapiro LLP, a California limited liability partnership whose principal place of business is located at 10250 Constellation Boulevard, Los Angeles, California 90067, in Century City. Based

-24-
-

on my personal knowledge from the events giving rise to this action, Mr. Marcus practices law in Los Angeles County. Every in-person interaction I have had with Mr. Marcus in the events alleged in the Complaint — including in-person interactions at my own residences in Los Angeles County — has occurred in Los Angeles County. I am not aware of any in-person interaction with Mr. Marcus that has occurred outside Los Angeles County.

8.    Based on my personal knowledge from the events giving rise to this action, Defendant Eric Schmidt owns extensive personal real estate in Los Angeles County, California, and regularly spends significant time in Los Angeles County conducting both personal and business activities. The events of December 17, 2024 alleged in the Complaint occurred in Los Angeles County and involved Mr. Schmidt's direct personal presence and participation. (Compl. ¶ 15.)

9.    Defendant Glaser Weil Fink Howard Jordan and Shapiro LLP has not, as of the date of this Declaration, been formally served with the Complaint in this action. Notwithstanding the absence of formal service, Glaser Weil has contacted me concerning this action, including by demanding an extension of time within which Glaser Weil would respond to the Complaint. That communication establishes, on the basis of my personal knowledge and direct correspondence, that Glaser Weil is aware of this federal action, that Glaser Weil is actively engaged with this federal action, and that Glaser Weil is doing so from its Century City office in Los Angeles County. I am not aware of any Glaser Weil office located in Riverside County or San Bernardino County.

10.   On May 14, 2026, I received an email from a partner at Munger, Tolles & Olson LLP advising me that his firm had been retained to represent Defendant Wells Fargo Bank, N.A. in this

-25-
-

action. Since that date, I have been in correspondence with that counsel regarding the terms of a stipulated extension of Wells Fargo's response deadline. Counsel's firm address, as identified in his correspondence with me, is in downtown Los Angeles, California, in Los Angeles County, approximately three city blocks from the Edward R. Roybal Federal Building.

11. On May 13, 2026, I received an email from a partner at McGuireWoods LLP advising me that his firm had been retained to represent Defendant KPMG LLP in this action. Since that date, I have been in correspondence with KPMG's counsel at McGuireWoods regarding the terms of a stipulated extension of KPMG's response deadline. Counsel's firm address, as identified in correspondence with me, is in Century City, Los Angeles, California, in Los Angeles County, approximately ten miles from the Edward R. Roybal Federal Building.

12. Defendant Eric Schmidt was personally served with the Summons and Complaint in this action on May 11, 2026. Defendant Knox Networks, Inc. (d.b.a. Knova Finance) was formally served with the Summons and Complaint in this action on May 11, 2026, through service effectuated by OneLegal.

13. As of the date of this Declaration, the Defendants who have either appeared, retained counsel, been formally served, or actively engaged with this action include: Google LLC (appeared); Wells Fargo Bank, N.A. (retained Los Angeles counsel); KPMG LLP (retained Los Angeles counsel); Glaser Weil Fink Howard Jordan and Shapiro LLP (engaged from its Century City office without formal service); Eric Schmidt (personally served on May 11, 2026); and Knox Networks, Inc. (formally served via OneLegal on May 11, 2026). I am not aware of any Defendant

in this action having retained counsel, maintained an office, or otherwise engaged with this action from a location in Riverside County or San Bernardino County.

14. No anticipated witness in this action is based in Riverside County or San Bernardino County. The witnesses I anticipate calling in this action, and the witnesses I anticipate Defendants may call, are based principally in (a) Los Angeles County itself, (b) the San Francisco Bay Area, or (c) the East Coast of the United States. For each of those witness clusters, the Western Division courthouse in downtown Los Angeles is materially more accessible than the Riverside courthouse: directly so for Los Angeles County witnesses, and by air through Los Angeles International Airport for witnesses arriving from the Bay Area or the East Coast. Los Angeles International Airport is approximately sixteen miles from the Western Division courthouses; the closest commercial airport to the Riverside courthouse is Ontario International Airport, which has materially fewer direct routes from the Bay Area and the East Coast.

15. The events giving rise to the Complaint occurred in Los Angeles County. I am not aware of any operative event giving rise to any claim in the Complaint that occurred in Riverside County or San Bernardino County. I am not aware of any Defendant who resides in, works in, or otherwise has a meaningful connection to Riverside County or San Bernardino County.

16. The safety concerns described in the Complaint, including the December 2024 surveillance documented by the Los Angeles Police Department and the Domestic Violence Restraining Order Request I filed in the Los Angeles Superior Court on December 11, 2024, are anchored to conduct in Los Angeles County. The law enforcement and judicial infrastructure I have previously relied upon — the Los Angeles Police Department and the Los Angeles Superior

Court restraining-order apparatus — operate in Los Angeles County. My family and personal support network is in Los Angeles County.

17.    Reassignment of this action to a Western Division judge would consolidate the location of my filings and my in-person appearances in the same physical courthouse, materially reduce my recurring travel burden, and align the judicial assignment with the divisional classification reflected on the Civil Cover Sheet, the case-number prefix, the docket header, and the geographic concentration of the parties, their counsel, and the anticipated witnesses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 20, 2026, at Beverly Hills, California.


MICHELLE RITTER

-28-

## [PROPOSED] ORDER

The Court, having considered Plaintiff Michelle Ritter's Motion to Reassign Case to a Judge Sitting in the Western Division Pursuant to Local Rule 83-1.2 and General Order 24-04, the supporting Memorandum of Points and Authorities and Declaration of Michelle Ritter, all papers and exhibits filed in connection with the Motion, and the entire record in this action, and good cause appearing,

**IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED.**

**IT IS FURTHER ORDERED that the above-captioned action, Case No. 2:26-cv-04382-JGB-E, is hereby reassigned from the Honorable Jesus G. Bernal, sitting in the Eastern Division at Riverside, to a District Judge sitting in the Western Division at Los Angeles, pursuant to Local Rule 83-1.2, General Order No. 24-04, and the Court's inherent authority to manage its docket.**

The Clerk of Court is directed to randomly assign this action to a District Judge sitting in the Western Division of the Central District of California and to issue an appropriate Notice of Reassignment forthwith.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____

HON. JESUS G. BERNAL

United States District Judg

-29-

# EXHIBIT A

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )

Michelle Ritter

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

ERIC SCHMIDT, an individual; HILLSPIRE, LLC, a California LLC; GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP, a California LLP; CRAIG H. MARCUS, an individual; WELLS FARGO BANK, N.A., a national banking association; KNOX NETWORKS, INC. dba KNOVA FINANCE, a Delaware corporation; NATALYA THAKUR, an individual; KPMG LLP, a Delaware LLP; GOOGLE LLC, a Delaware LLC; MATTHEW HILTZIK, an individual; HILTZIK STRATEGIES, LLC, a New York limited liability company; RULTA OÜ, an Estonian entity; and DOES 1 through 50, inclusive.

**(b) County of Residence of First Listed Plaintiff** Los Angeles County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Los Angeles County
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Michelle Ritter
269 S Beverly Dr., #1315, Beverly Hills, CA 90212
ritter_legal@outlook.com, +1 510-828-7772

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| | |
|---|---|
| [ ] 1. U.S. Government Plaintiff | [X] 3. Federal Question (U.S. Government Not a Party) |
| [ ] 2. U.S. Government Defendant | [ ] 4. Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1. Original Proceeding  [ ] 2. Removed from State Court  [ ] 3. Remanded from Appellate Court  [ ] 4. Reinstated or Reopened  [ ] 5. Transferred from Another District (Specify)  [ ] 6. Multidistrict Litigation - Transfer  [ ] 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No    [X] **MONEY DEMANDED IN COMPLAINT:** $ >$14,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CFAA (18 U.S.C. § 1030), SCA (18 U.S.C. §§ 2701, 2707), Wiretap Act (18 U.S.C. §§ 2511, 2520) - - Defendants intentionally accessed Plaintiff's protected computers without authorization and further accessed facilities through which electronic communication service; Declaratory Relief, FAA § 4 and Prospective Declaratory Judgment under the EFAA (9 U.S.C. §§ 401–402; 28 U.S.C. §§ 2201–2202), Declaratory Relief, Vacatur, Constitutional Invalidation April 20, 2026 AAA Interim Award (9 U.S.C. §§ 10, 402(b); 28 U.S.C. §§ 2201–2202; U.S. Const. amends. I, V, XIV)-incorrect forum, overreach, and Const'l violatios

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 376 Qui Tam (31 USC 3729(a)) | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 400 State Reapportionment | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 835 Patent - Abbreviated New Drug Application |
| [ ] 410 Antitrust | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 880 Defend Trade Secrets Act of 2016 (DTSA) |
| [ ] 450 Commerce/ICC Rates/Etc. | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | |
| [ ] 460 Deportation | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | **SOCIAL SECURITY** |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 861 HIA (1395ff) |
| [ ] 480 Consumer Credit | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 862 Black Lung (923) |
| [ ] 485 Telephone Consumer Protection Act | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 490 Cable/Sat TV | | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | | [ ] 864 SSID Title XVI |
| [ ] 850 Securities/Commodities/Exchange | [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | [ ] 865 RSI (405 (g)) |
| [X] 890 Other Statutory Actions | [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| [ ] 891 Agricultural Acts | | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | [ ] 690 Other | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 362 Personal Injury-Med Malpractice | [ ] 441 Voting | **LABOR** | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 710 Fair Labor Standards Act | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accommodations | [ ] 720 Labor/Mgmt. Relations | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 220 Foreclosure | | [ ] 446 American with Disabilities-Other | [ ] 751 Family and Medical Leave Act | |
| | [ ] 230 Rent Lease & Ejectment | | [ ] 448 Education | [ ] 790 Other Labor Litigation | |
| | | | | [ ] 791 Employee Ret. Inc. Security Act | |

| | | | |
|---|---|---|---|
| **FOR OFFICE USE ONLY:** | Case Number: | | |

CV-71 (04/24) | **CIVIL COVER SHEET** | Page 1 of 3

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. |
| | Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

CV-71 (04/24)                                CIVIL COVER SHEET                                Page 2 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**     [X] NO     [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**

[X] NO     [ ] YES

If yes, list case number(s): _____

If yes, you must file a Notice of Related Case, as set forth in the Local Rules.

**Civil cases** are related when they (check all that apply):

[ ] A. Arise from the same or a closely related transaction, happening, or event;

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

[ ] A. Arise from the same or a closely related transaction, happening, or event;

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. STATEWIDE OR NATIONWIDE RELIEF:** Does this case seek to bar or mandate enforcement of a state or federal law and seek declaratory or injunctive relief on a statewide or nationwide basis?     [ ] NO     [X] YES

Nationwide: Bars the use of DMCA takedowns, arbitration-funded paid-media campaigns, and covert device-surveillance infrastructure (JAMF / TeamViewer / enterprise-Apple-ID provisioning) as instruments to suppress federally-protected whistleblower and sexual-assault speech — and requires Google to restore search-indexing and DMCA-transparency for affected content. Statewide (CA): Declares sworn-recantation provisions and pre-dispute sexual-assault arbitration clauses embedded in settlement agreements void under Cal. Civ. Code § 1670.11, CCP §§ 1001–1002, the Silenced No More Act, and EFAA § 402.

**XI. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _~Alidflir~_     DATE: April 24, 2026

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# EXHIBIT B

Query    Reports ▾    Utilities ▾    Help    Log Out

(Ex),DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:26-cv-04382-JGB-E

Michelle Ritter v. Eric Schmidt et al
Assigned to: Judge Jesus G. Bernal
Referred to: Magistrate Judge Charles F. Eick
Demand: $9,999,000
Cause: 28:1331 Fed. Question

Date Filed: 04/24/2026
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Michelle Ritter**

represented by **Michelle Ritter**
269 S. Beverly Dr., No. 1315
Beverly Hills, CA 92102
510-828-7772
PRO SE

V.

**Defendant**

**Eric Schmidt**

**Defendant**

**Hillspire LLC**

**Defendant**

**Glaser Weil Fink Howard Jordan and
Shapiro LLP**

**Defendant**

**Craig H. Marcus**
*an individual*

**Defendant**

**Wells Fargo Bank, N.A.**

**Defendant**

**Knox Networks, Inc.**
*doing business as*

Knova Finance

**Defendant**

**Natalya Thakur**
*an individual*

**Defendant**

**KPMG LLP**

**Defendant**

**Google LLC**                                    represented by    **Viola Trebicka**
                                                   Quinn Emanuel Urquhart and Sullivan
                                                   LLP
                                                   865 South Figueroa Street 10th Floor
                                                   Los Angeles, CA 90017
                                                   213-443-3000
                                                   Fax: 213-443-3100
                                                   Email: violatrebicka@quinnemanuel.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Delaney Gold-Diamond**
                                                   Quinn Emanuel Urquhart and Sullivan,
                                                   LLP
                                                   865 South Figueroa Street, 10th Floor
                                                   Los Angeles, CA 90017
                                                   213-443-3352
                                                   Fax: 213-443-3100
                                                   Email:
                                                   delaneygolddiamond@quinnemanuel.com
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew Hiltzik**
*an individual*

**Defendant**

**Hiltzik Strategies, LLC**
*A New York Limited Liability Company*

**Defendant**

**Rulta OU**
*An Estonian Entity*

**Defendant**

**1 through 50, inclusive**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/24/2026 | 1 | COMPLAINT against Defendants 1 through 50, inclusive, Glaser Weil Fink Howard Jordan and Shapiro LLP, Google LLC, Hillspire LLC, Matthew Hiltzik, Hiltzik Strategies, LLC, KPMG LLP, Knox Networks, Inc., Craig H. Marcus, Rulta OU, Eric Schmidt, Natalya Thakur, Wells Fargo Bank, N.A..Case assigned to Judge Jesus G. Bernal for all further proceedings. Discovery referred to Magistrate Judge Charles F. Eick.(Filing fee $ 405 FEE PAID) Jury Demanded., filed by Plaintiff Michelle Ritter. (Attachments: # 1 Complaint 2, # 2 Complaint 3) (aus) (Entered: 05/05/2026) |
| 04/24/2026 | 2 | Request for Clerk to Issue Summons on Complaint - (Discovery),, 1 filed by Plaintiff Michelle Ritter. (Attachments: # 1 Summons for Eric Schmidt, # 2 Summons for Google LLC, # 3 Summons for Hillspire LLC, # 4 Summons for Hilzik Strategies LLC, # 5 Summons for Knox Networks INC, # 6 Summons for KPMG LLP, # 7 Summons for Matthew Hiltzil, # 8 Summons for Natalya Thakur, # 9 Summons of Rulta OU, # 10 Summons for Wells Fargo Bank N.A.)(aus) (Entered: 05/05/2026) |
| 04/24/2026 | 3 | Certification and Notice of Interested Parties filed by Plaintiff Michelle Ritter, (aus) (Entered: 05/05/2026) |
| 04/29/2026 | 4 | APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by Plaintiff Michelle Ritter. (aus) (Entered: 05/05/2026) |
| 05/05/2026 | 5 | NOTICE OF RESOURCES FOR PRO SE LITIGANTS. (aus) (Entered: 05/05/2026) |
| 05/05/2026 | 6 | NOTICE OF ASSIGNMENT to District Judge Jesus G. Bernal and Magistrate Judge Charles F. Eick. (aus) (Entered: 05/05/2026) |
| 05/05/2026 | 7 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (aus) (Entered: 05/05/2026) |
| 05/05/2026 | 8 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (aus) (Entered: 05/05/2026) |
| 05/11/2026 | 9 | Notice of Appearance or Withdrawal of Counsel: for attorney Viola Trebicka counsel for Defendant Google LLC. Adding Viola Trebicka as counsel of record for Google LLC for the reason indicated in the G-123 Notice. Filed by Defendant Google LLC. (Attorney Viola Trebicka added to party Google LLC(pty:dft))(Trebicka, Viola) (Entered: 05/11/2026) |
| 05/11/2026 | 10 | CERTIFICATE of Interested Parties filed by Defendant Google LLC, identifying XXVI Holdings Inc. and Alphabet Inc. (Trebicka, Viola) (Entered: 05/11/2026) |
| 05/11/2026 | 11 | Notice of Appearance or Withdrawal of Counsel: for attorney Delaney Gold-Diamond counsel for Defendant Google LLC. Adding Delaney Gold-Diamond as counsel of record for Google LLC for the reason indicated in the G-123 Notice. Filed by Defendant Google LLC. (Attorney Delaney Gold-Diamond added to party Google LLC(pty:dft))(Gold-Diamond, Delaney) (Entered: 05/11/2026) |
| 05/18/2026 | 12 | Request for Clerk to Issue Summons on Complaint - (Discovery), 1 filed by plaintiff |

| | | Michelle Ritter. (chk) (Entered: 05/18/2026) |
|---|---|---|
| 05/18/2026 | 13 | NOTICE OF DEFICIENCIES in Request to Issue Summons RE: Summons Request, 2 . The following error(s) was found: The caption of the summons must match the caption of the complaint verbatim. If the caption is too large to fit in the space provided, enter the name of the first party and then write see attached.Next, attach a face page of the complaint or a second page addendum to the Summons. The summons cannot be issued until this defect has been corrected. Please correct the defect and re-file your request. (chk) (Entered: 05/18/2026) |
| 05/18/2026 | 14 | NOTICE OF DEFICIENCIES in Request to Issue Summons RE: Summons Request 12 . The following error(s) was found: The caption of the summons must match the caption of the complaint verbatim. If the caption is too large to fit in the space provided, enter the name of the first party and then write see attached.Next, attach a face page of the complaint or a second page addendum to the Summons. The summons cannot be issued until this defect has been corrected. Please correct the defect and re-file your request. (chk) (Entered: 05/18/2026) |
| 05/18/2026 | 15 | EX PARTE APPLICATION to Extend Time to File Answer to 7/6/2026 re Complaint - (Discovery),, 1 filed by Defendant Google LLC. (Attachments: # 1 Declaration of Delaney Gold-Diamond, # 2 Proposed Order) (Trebicka, Viola) (Entered: 05/18/2026) |
| 05/19/2026 | 16 | APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by plaintiff Michelle Ritter. (chk) (Entered: 05/19/2026) |
| 05/19/2026 | 17 | PLAINTIFF'S EX PARTE APPLICATION TO SEAL AND REDACT PERSONAL IDENTIFYING INFORMATION AND FOR A PROTECTIVE ORDER filed by plaintiff Michelle Ritter. (Attachments: # 1 Declaration, # 2 Proposed Order) (chk) (Entered: 05/19/2026) |
| 05/19/2026 | 18 | PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT re Complaint - (Discovery),, 1 15 filed by Plaintiff Michelle Ritter. (chk) (Entered: 05/19/2026) |
| 05/19/2026 | 19 | DECLARATION OF MICHELLE RITTER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT re Objection/Opposition (Motion related) 18 filed by Plaintiff Michelle Ritter. (chk) (Entered: 05/19/2026) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/19/2026 22:02:04 | | | |
| **PACER Login:** | ritter_michelle | **Client Code:** | |
| | | **Search** | 2:26-cv-04382-JGB-E End |

| Description: | Docket Report | Criteria: | date: 5/19/2026 |
|---|---|---|---|
| Billable Pages: | 3 | Cost: | 0.30 |