Michelle Ritter
Plaintiff Pro Se
269 S. Beverly Dr. #1315
Beverly Hills, CA 90212
Telephone: (510) 828-7772
Email: ritter_legal@outlook.com

Plaintiff in pro per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHELLE RITTER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC SCHMIDT; HILLSPIRE, LLC; GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP; CRAIG H. MARCUS, an individual; WELLS FARGO BANK, N.A.; KNOX NETWORKS, INC. DBA KNOVA FINANCE; NATALYA THAKUR, an individual; KPMG LLP; GOOGLE LLC; MATTHEW HILTZIK, an individual; HILTZIK STRATEGIES, LLC, a New York limited liability company; RULTA OÜ, an Estonian entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:26-CV-04382-JGB-Ex<br><br>**The Honorable Jesus G. Bernal**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS ERIC SCHMIDT AND HILLSPIRE, LLC'S EX PARTE APPLICATION FOR (1) ORDER EXTENDING TIME TO RESPOND TO COMPLAINT AND (2) FOR LEAVE TO FILE OVERSIZED MEMORANDA**<br><br>Judge: Honorable Jesus G. Bernal |

PLAINTIFF'S OPPOSITION TO DEFENDANTS ERIC SCHMIDT AND HILLSPIRE, LLC'S EX PARTE
APPLICATION FOR (1) ORDER EXTENDING TIME TO RESPOND TO COMPLAINT AND (2) FOR LEAVE

## I.  INTRODUCTION

Defendants Eric Schmidt and Hillspire, LLC ("Defendants") seek extraordinary ex parte relief that is not warranted on this record. Their application asks the Court to grant a 45-day extension and 40-page oversized briefs over Plaintiff's stipulated counter-offer. The application fails on each prong of *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). It also rests on a false statement to the Court: the application represents that Plaintiff "declined to stipulate to the requested oversized briefing," when Plaintiff in fact offered Defendants exactly that page-limit relief on the May 27, 2026 meet-and-confer — an offer Mr. Marcus himself acknowledged on a May 29, 2026 call, after the application had already been filed. A party seeking ex parte relief owes the Court a heightened duty of candor. Defendants did not meet it.

Plaintiff offered Defendants two concessions. First, on May 26, 2026, Plaintiff offered to stipulate to extend Defendants' responsive pleading deadline to June 22, 2026, which is 38 days from service of Mr. Schmidt — eight days longer than the 30-day extension Glaser Weil itself proposed on May 6, 2026. Second, on the May 27, 2026 telephonic meet-and-confer, Plaintiff offered the page-limit relief Defendants requested as part of a combined stipulated resolution paired with the June 22 timing. Defendants rejected the combined offer and elected to proceed ex parte. They then told the Court that Plaintiff had "declined to stipulate to the requested oversized briefing" — omitting the page-limit offer Plaintiff had made on the May 27 call.

The asserted urgency is self-created. Mr. Schmidt was personally served on May 15, 2026 (Dkt. 28). Defense counsel did not initiate meet-and-confer contact until May 26, 2026 — eleven days later. Defendants then issued a take-it-or-leave-it ultimatum (May 26, 2:33 PM and 3:24 PM emails) and announced their intention to proceed ex parte before Plaintiff had even responded. The crisis Defendants invoke is one they manufactured.

Defendants' requested 45-day extension would also place their responsive-pleading deadline on or about July 20, 2026 — the same window in which Plaintiff must serve her notice of motion to vacate the April 20, 2026 AAA Interim Award, a matter litigated by the same counsel on an overlapping factual record. Plaintiff's stipulated alternative (June 22) avoids that overlap. Defendants' insistence on the longer extension, in place of the stipulation Plaintiff offered, is a litigation preference — not the stuff of extraordinary ex parte relief.

Plaintiff's counter-stipulation offer — 38 days plus 40-page motions — remains open and resolves any legitimate scheduling pressure Defendants face. The Court should deny the ex parte application, or, in the alternative, grant only the relief Plaintiff has offered to stipulate to.

## II. STATEMENT OF FACTS

### A. Service and Procedural Background

On April 24, 2026, Plaintiff filed the Complaint (Dkt. 1). On May 6, 2026, Patricia Glaser of Glaser Weil, through her assistant Kathy Gould, offered to accept service for Glaser Weil and Mr. Marcus only, conditioned on a 30-day extension of the Schmidt-side response deadline. Glaser Weil expressly excluded Mr. Schmidt and Hillspire from that offer. Declaration of Michelle Ritter ("Ritter Decl."), ¶ 4.

On May 15, 2026, Mr. Schmidt was personally served with the Summons and Complaint (Dkt. 28). Ritter Decl., ¶ 6.

On May 18, 2026, this Court issued an order (Dkt. 13) addressing defects in Plaintiff's summons requests. The order required correction of the summons request. The order did not invalidate the summons issued for Mr. Schmidt. Plaintiff has since refiled corrected summons requests and corrected summonses have been issued. Ritter Decl., ¶ 7.

### B. The May 26-27, 2026 Meet-and-Confer Sequence

-2-

On May 26, 2026 at 11:21 AM — eleven days after Schmidt was served — Mr. Marcus initiated his first written contact regarding a responsive pleading extension. Marcus's email demanded a 45-day extension and 40-page briefs and offered, in exchange, to "waive" defects in the Schmidt summons (which Plaintiff disputes existed) and to accept service for Hillspire. Ritter Decl., ¶ 8 & Ex. A.

At 1:29 PM, Plaintiff responded. She raised the threshold question of Glaser Weil's and Mr. Marcus's concurrent representation of Defendants while themselves being named defendants, requested the conflicts disclosures any reasonable plaintiff would request, offered to meet and confer further by email, telephone, or videoconference, and previewed a counter-stipulation. Ritter Decl., ¶ 9 & Ex. A.

At 2:33 PM, Mr. Marcus replied. He declined to address the conflict question, asserted that "there is no deadline to seek to vacate an interim arbitration award," and concluded: "we will proceed with our ex parte application." Ritter Decl., ¶ 10 & Ex. A.

At 3:04 PM, Plaintiff responded again. She offered to stipulate to extend Defendants' responsive pleading deadline to June 22, 2026 — 38 days from service of Mr. Schmidt and eight days longer than Glaser Weil's own May 6 proposal. She declined to support 40-page briefs in writing as part of her initial position. Ritter Decl., ¶ 11 & Ex. A.

At 4:07 PM, Mr. Marcus replied. He proposed a telephonic meet-and-confer for May 27, 2026 at 1:30 PM. In the same email, he wrote: "the deadline for a motion to vacate the award necessarily will fall after July 20." Ritter Decl., ¶ 12 & Ex. A.

On May 27, 2026, at 1:30 PM PT, Plaintiff participated in a telephonic meet-and-confer with Mr. Marcus and Mr. Arbulu. During the call, Plaintiff offered, as part of a bundled stipulated resolution, both: (a) the June 22, 2026 extension; and (b) the page-limit relief Defendants

-3-

requested (40 pages per motion). Mr. Marcus indicated he would consult with his team and revert. Ritter Decl., ¶ 13.

At 5:11 PM on May 27, 2026, Mr. Arbulu emailed Plaintiff stating: "After careful consideration, our team has decided that we need the full forty-five (45) day extension and forty (40) pages for the Motion to Dismiss and Motion to Abstain we are preparing to submit in response to your Complaint. Consistent with our earlier representations to you, we intend to file an ex parte application to that effect." Ritter Decl., ¶ 14 & Ex. A.

On May 28, 2026, Defendants filed the present ex parte application (Dkt. 51). The application does not disclose Plaintiff's May 27 oral offer of page-limit relief. Ritter Decl., ¶ 15.

On May 29, 2026, in a telephone call with Plaintiff at which Mr. Arbulu was present, Mr. Marcus acknowledged that Plaintiff had offered the requested page-limit relief during the May 27 meet-and-confer. That acknowledgment — made after the application was filed — confirms the very offer the application failed to disclose. Ritter Decl., ¶ 22.

**C.   The Parallel AAA Proceeding and FAA § 12 Vacatur Deadline**

The Glaser Weil firm and Mr. Marcus appear as counsel for Mr. Schmidt and Hillspire in the parallel AAA arbitration proceeding, Case No. 01-25-0000-2191. On April 20, 2026, the arbitrator entered an Interim Award against Plaintiff in the amount of $10,744,999. The Interim Award triggers the three-month FAA § 12 deadline for service of a notice of motion to vacate, which falls on July 20, 2026. Ritter Decl., ¶¶ 17-18.

On May 21, 2026, the arbitrator's Closing Hearings Letter set the Final Award deadline for June 22, 2026. Ritter Decl., ¶ 19.

Defendants' requested 45-day extension would set their responsive pleading deadline on or about July 20, 2026 — the same date as Plaintiff's FAA § 12 vacatur deadline. The dispositive motions Defendants intend to file (12(b)(6) and abstention) draw on the same factual record and

the same legal framework as the vacatur petition. Count XIII of the Complaint is itself an FAA § 10 vacatur claim. Ritter Decl., ¶ 20.

## III. ARGUMENT

### A. The Mission Power Standard

*Mission Power* establishes a stringent standard for ex parte relief: the applicant must show (1) that its cause will be irreparably prejudiced if the underlying motion is heard on a regular noticed motion schedule; and (2) that it is without fault in creating the crisis, or that the crisis resulted from excusable neglect. The second element turns on foreseeability — ex parte relief is unavailable where the need was knowable and addressable through an ordinary stipulation. *Mission Power*, 883 F. Supp. at 492-93. The court there observed that "ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 492. Judge Bernal's Standing Order ¶ 13 reinforces this district's rule: "this Court allows ex parte applications solely for extraordinary relief. Sanctions may be imposed for misuse of ex parte applications." Defendants must satisfy both elements. They satisfy neither.

### B. Defendants Cannot Show Irreparable Prejudice Because Plaintiff Has Offered a Stipulation That Resolves the Asserted Scheduling Pressure

On May 26, 2026, Plaintiff offered a 38-day extension to June 22, 2026 — eight days longer than the 30-day extension Glaser Weil itself proposed on May 6, 2026 (when the firm asked Plaintiff to extend the deadline for Glaser Weil and Mr. Marcus). On May 27, 2026, Plaintiff added the page-limit relief Defendants requested. Plaintiff's combined offer therefore concedes both procedural points: 40-page briefs and a 38-day extension. The seven-day delta between Plaintiff's offer (June 22) and Defendants' demand (July 20) is the only contested issue.

A seven-day delta is not "irreparable prejudice." Defendants can prepare 40-page dispositive motions in 38 days. Glaser Weil is plainly capable of preparing complex briefing in

5

this matter; it filed more than 1,300 pages of materials in the AAA proceeding in April 2026 alone on the same factual record. Whatever the merit of Defendants' contention that they need 45 days rather than 38, that contention is the stuff of an opposed stipulation or a noticed motion, not extraordinary ex parte relief.

Plaintiff's counter-stipulation offer remains open. Defendants' refusal to accept that offer is a litigation choice, not evidence of irreparable harm.

**C.  Defendants Are at Fault for the Asserted Urgency**

Mr. Schmidt was served on May 15, 2026 (Dkt. 28). Defense counsel did not initiate written meet-and-confer contact until May 26, 2026 — eleven days later. Defense counsel then issued a take-it-or-leave-it ultimatum in two emails on May 26 (2:33 PM and 3:24 PM) and announced an intention to proceed ex parte regardless of Plaintiff's response. Ritter Decl., Ex. A. Defense counsel agreed to a telephonic meet-and-confer only after Plaintiff insisted on one. Mr. Arbulu's May 27, 2026 5:11 PM email confirms that Defendants' decision to proceed ex parte was a deliberate strategic choice rather than a necessity: "After careful consideration, our team has decided that we need the full forty-five (45) day extension and forty (40) pages." Ritter Decl., Ex. A. A decision deliberately made to refuse a stipulated middle ground does not satisfy *Mission Power*'s fault prong.

**D.  The Need for an Extension Was Foreseeable**

Defense counsel has been aware of this case since at least May 6, 2026, when Patricia Glaser asked Plaintiff to extend the Glaser Weil and Marcus responsive deadline by 30 days. Schmidt's 21-day clock under Rule 12(a)(1)(A)(i) has been running visibly since May 15, 2026. The need for any extension was not only foreseeable; it was foreseen. *Mission Power* bars ex parte relief precisely when the crisis was knowable and addressable through ordinary stipulation. 883 F. Supp. at 492.

**E.    The Application Materially Misstates Plaintiff's Position on Page Limits**

Defendants' application represents to this Court at page 5 that "Plaintiff declined to stipulate to the requested oversized briefing." Marcus Decl., Ex. A. That representation is false.

The written May 26 record reflects Plaintiff's initial position that the 25-page baseline under Judge Bernal's Standing Order ¶ 9(b) was sufficient and that the 1,300+ pages Glaser Weil had already submitted in the AAA proceeding on the same factual record reduced any marginal preparation burden. That was Plaintiff's position on May 26, 2026. The application does not disclose what happened next.

On May 27, 2026, during the telephonic meet-and-confer Defendants themselves proposed, Plaintiff offered the page-limit relief Defendants requested as part of a bundled stipulated resolution. Plaintiff's offer was specifically: 40 pages per motion paired with the June 22, 2026 extension date. Ritter Decl., ¶ 13. Plaintiff memorialized that combined offer in writing the same evening. Ritter Decl., Ex. A (May 27, 2026 5:31 PM email). Mr. Arbulu's 5:11 PM email rejected the bundle; it did not deny that the offer had been made. The application nonetheless told the Court that Plaintiff "declined to stipulate to the requested oversized briefing." That statement is false. Plaintiff offered to stipulate to precisely the page relief Defendants now ask the Court to grant ex parte, and Mr. Marcus confirmed on the May 29, 2026 call — after the application was filed — that the offer had been made. Ritter Decl., ¶ 22.

An ex parte application is held to a heightened duty of candor precisely because the opposing party has only twenty-four hours to respond. *See Mission Power*, 883 F. Supp. at 492 (warning that ex parte applications place "an additional burden" on the court). Defendants' false representation of the meet-and-confer record on the page-limit question is, by itself, sufficient ground to deny the application.

-7-

**F.  Plaintiff's Counter-Stipulation Resolves the Asserted Urgency and Should Be the Court's Outer Boundary on Any Discretionary Relief**

If the Court determines that some procedural relief is appropriate notwithstanding the deficiencies in the application, the Court need not adopt Defendants' overreach. Plaintiff has offered, and her offer remains open, a 38-day extension to June 22, 2026 paired with 40-page briefs. That offer:

• exceeds the 30-day baseline Glaser Weil itself proposed on May 6, 2026;

• exceeds the 30-day stipulated extensions reached with Wells Fargo (Dkt. for May 18 stipulation) and KPMG (Dkt. for May 21 stipulation);

• meets Defendants' request on page limits in full;

• permits resolution by stipulation without consuming ex parte relief; and

• avoids the scheduling overlap with Plaintiff's FAA § 12 vacatur timeline that Defendants' proposed 45-day extension would create.

Any relief beyond what Plaintiff has offered to stipulate to crosses from "extraordinary" into "litigation advantage" — exactly what *Mission Power* forbids.

**G.  The Threshold Conflict Question Is Preserved**

Plaintiff preserves, without litigating it here, a threshold professional-responsibility problem that bears on this entire action. Glaser Weil and Mr. Marcus appear as counsel for Mr. Schmidt and Hillspire while they are themselves named defendants in this case, and Mr. Marcus is also a likely necessary witness on matters central to Plaintiff's claims, including the negotiation and authentication of the agreements at issue. That posture implicates Cal. RPC 1.7, 1.13, and 3.7. On May 6, 2026, Patricia Glaser acknowledged that Glaser Weil "would inherently need to have separate counsel"; three weeks later, no separate counsel for the firm or for Mr. Marcus has appeared. Ritter Decl., ¶¶ 4, 9-10. When Plaintiff raised the conflict in her first response and

requested the disclosures any plaintiff would seek under these rules, Mr. Marcus refused to address the question, responding only that Defendants were "not required to disclose" the analysis. To date, Defendants have neither provided those disclosures nor identified separate counsel of record. Plaintiff will address disqualification by separate noticed motion, and the Court's resolution of this application does not waive — and Plaintiff fully reserves — her rights as to that motion.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

1.  DENYING Defendants' Ex Parte Application (Dkt. 51) in its entirety; or

2.  In the alternative, GRANTING only the relief Plaintiff has offered to stipulate to: a 38-day extension to June 22, 2026, paired with leave to file motions of up to 40 pages each, and requiring that the parties memorialize the stipulation in writing within two business days of the Court's order.

Plaintiff respectfully reserves all rights, including her right to file a motion to disqualify Glaser Weil and Mr. Marcus under Cal. RPC 1.7, 1.13, and 3.7.

DATED: May 29, 2026

**Michelle Ritter**

Plaintiff, In Pro Per

**CERTIFICATE OF COMPLIANCE — L.R. 11-6.2**

The undersigned, plaintiff in pro per, certifies that this opposition contains approximately 2,500 words, which complies with the word limit of L.R. 11-6.1 and Judge Bernal's Standing Order ¶ 9(b).

Executed on May 29, 2026, at Beverly Hills, California.

MICHELLE RITTER

10