QUINN EMANUEL URQUHART & SULLIVAN, LLP
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Delaney Gold-Diamond (Bar No. 342121)
delaneygolddiamond@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone:  (213) 344-3000
Facsimile:  (213) 344-3100

*Attorneys for Defendant*
*Google LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE RITTER,<br><br>Plaintiff<br><br>v.<br><br>ERIC SCHMIDT; HILLSPIRE, LLC; GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP; GRAIG H. MARCUS, AN INDIVIDUAL; WELLS FARGO BANK, N.A.; KNOX NETWORKS, INC., dba KNOVA FINANCE; NATALYA THAKUR, AN INDIVIDUAL; KPMG LLP; GOOGLE LLC; MATTHEW HILTZIK, AN INDIVIDUAL; HILTZIK STRATEGIES, LLC, A NEW YORK LIMITED LIABILITY COMPANY; RULTA OU, AN ESTONIAN ENTITY; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | Case No. 2:26-cv-04382-JGB-E<br><br>The Honorable Jesus G. Bernal<br><br>**DEFENDANT GOOGLE LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: August 3, 2026<br><br>Hearing Time: 9:00 a.m. |

DEFENDANT GOOGLE'S MOTION TO DISMISS

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that on August 3, 2026 at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Jesus G. Bernal of the above-entitled Court, located at the George E. Brown, Jr. Federal Building and United States Courthouse, 3480 Twelfth Street, Riverside, CA 92501, Courtroom 1, Defendant Google LLC ("Google") will and hereby does move for an order dismissing with prejudice all counts against Google (Counts I, II, III, XII, XIII, and XIV) from Plaintiff Michelle Ritter's Complaint. This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim against Google upon which relief can be granted. In the alternative, Google moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) on the grounds that the Complaint is so vague and ambiguous Google cannot reasonably respond to it.

This Motion is made following a conference with Ms. Ritter, representing herself, pursuant to Local Rule 7-3, which took place on June 15, 2026. Ms. Ritter would not agree to dismiss or amend her Complaint, thus necessitating the filing of this Motion. This Motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the files and records of this case, any such argument that is presented to the Court at the hearing on this Motion, and all other material properly before the Court.

Dated: July 6, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Viola Trebicka*
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Delaney Gold-Diamond (Bar No. 342121)
delaneygold-diamond@quinnemanuel.com
865 South Figueroa Street, 10th Floor

Los Angeles, CA 90017-2543
Telephone:  (213) 344-3000
Facsimile:  (213) 344-3100

*Attorneys for Defendant Google LLC*

DEFENDANT GOOGLE'S MOTION TO DISMISS

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ..........................................................................................................1

LEGAL STANDARD....................................................................................................2

ARGUMENT................................................................................................................3

I.    THE COURT SHOULD DISMISS ALL COUNTS AGAINST GOOGLE..........................................................................................................3

    A.    The Complaint Pleads No Basis For CFAA Liability............................3

    B.    The SCA Claim Fails .............................................................................4

    C.    The Complaint Does Not State A Claim Under The Wiretap Act..........4

    D.    The Complaint Does Not Plead Common-Law Tort Liability ...............5

        1.    Ms. Ritter's defamation claim fails. ...........................................5

        2.    The false light claim falls with the defamation claim. ...............6

        3.    Ms. Ritter's commercial disparagement claim fails....................6

        4.    Ms. Ritter's intentional interference with prospective economic advantage claim fails. ...................................................7

        5.    The DMCA Immunizes Google's Conduct ................................9

    E.    Vacatur Makes No Sense As To Google Because It Was Not A Party To The Arbitration.................................................................................9

II.   THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE .................................................................................................10

III.  IN THE ALTERNATIVE, THE COURT SHOULD GRANT GOOGLE'S MOTION FOR A MORE DEFINITE STATEMENT .............10

CONCLUSION .........................................................................................................13

DEFENDANT GOOGLE'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

### Cases

*Backhaut v. Apple Inc.*,
  723 Fed. Appx. 405 (9th Cir. 2018) ...................................................................4

*Bartholomew v. YouTube, LLC*,
  17 Cal. App. 5th 1217 (2017)..........................................................................5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................................3

*Byron O. Woods, Sr. v. United States*,
  2026 WL 1279203 (C.D. Cal. May 5, 2026) ......................................................3

*Cocoa AJ Holdings, LLC v. Schneider*,
  115 Cal. App. 5th 980 (2025)............................................................................7

*ComputerXpress, Inc. v. Jackson*,
  93 Cal. App. 4th 993 (2001).............................................................................6

*DeLima v. Google, Inc.*,
  561 F. Supp. 3d 123 (D.N.H. 2021) ...................................................................5

*Diaz v. Century Pac. Inv. Corp.*,
  1991 WL 331372 (C.D. Cal. Dec. 16, 1991) ...................................................12

*Eisenberg v. Alameda Newspapers, Inc.*,
  74 Cal. App. 4th 1359 (1999)...........................................................................6

*Gamez v. County of Fresno*,
  2026 WL 1091397 (E.D. Cal. Apr. 22, 2026)..................................................11

*Gibson v. City of Portland*,
  165 F. 4th 1265 (9th Cir. 2026)..................................................................10, 12

*Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*,
  59 Cal. 4th 277 (2014) ......................................................................................6

*Jackson v. Mayweather*,
  10 Cal. App. 5th 1240 (2017)............................................................................6

DEFENDANT GOOGLE'S MOTION TO DISMISS

*Kazenercom Too v. Turan Petroleum, Inc.*,
    2009 WL 10679984 (C.D. Cal. June 9, 2009) ................................................12

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ....................................................................................7

*Lipton v. Pathogenesis Corp.*,
    284 F.3d 1027 (9th Cir. 2002)........................................................................10

*Lundy v. Investments Realty Servs.*,
    2023 WL 12148747 (C.D. Cal. June 26, 2023) ..............................................11

*Mahoney v. Meta Platforms, Inc.*,
    2025 WL 563459 (N.D. Cal. Feb. 20, 2025) ...................................................5

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996)..........................................................................11

*Montanez v. PepsiCo, Inc.*,
    784 F. Supp. 3d 1369 (C.D. Cal. 2025) ...........................................................5

*Rodrigues v. Cnty. of Orange*,
    2020 WL 3396619 (C.D. Cal. June 18, 2020) ................................................12

*Schlafly v. Pub. Key Partners*,
    1994 WL 669858 (N.D. Cal. Nov. 22, 1994) .................................................11

*Sollberger v. Wachovia Sec., LLC*,
    2010 WL 2674456 (C.D. Cal. June 30, 2010) ................................................11

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011)..........................................................................3

*Sybersound Records, Inc. v. UAV Corp.*,
    517 F.3d 1137 (9th Cir. 2008)..........................................................................8

*Upper Deck Company v. Panini Am., Inc.*,
    469 F. Supp. 3d 963 (S.D. Cal. 2020) ..............................................................8

*Verduzco v. St. Mary's High Sch.*,
    2024 WL 3088467 (E.D. Cal. June 21, 2024) ................................................11

*Westside Center Assocs. v. Safeway Stores 23, Inc.*
    42 Cal. App. 4th 507 (1996)..............................................................................7

-iii-

*Winchester Mystery House, LLC v. Global Asylum, Inc.*,
    210 Cal. App. 4th 570 (2012)................................................................8

*Wong v. Jing*,
    189 Cal. App. 4th 1354 (2010)..............................................................5

**Statutes**

17 U.S.C. § 512 .......................................................................................9

18 U.S.C. § 1030.....................................................................................3

18 U.S.C. § 2511.....................................................................................4

18 U.S.C. § 2701.....................................................................................4

47 U.S.C. § 230 .......................................................................................9

California Penal Code § 631 ....................................................................2

**Rules/Other Authorities**

Fed. R. Civ. P. 12..................................................................................10

Fed. R. Civ. P. 8.................................................................................2, 3

Weil & Brown, *California Practice Guide*...............................................12

DEFENDANT GOOGLE'S MOTION TO DISMISS

### PRELIMINARY STATEMENT

This case has nothing to do with Google.  Plaintiff Michelle Ritter, representing herself, has filed a 405-page complaint asserting fifteen causes of action against twelve different defendants arising from a dispute with her former romantic partner, Eric Schmidt.  To the extent the Complaint can be understood (a Sisyphean endeavor at 405 pages of 620 inscrutable factual allegations), Ms. Ritter's theory of liability against Google is that *other* defendants made defamatory statements, *other* defendants submitted false DMCA takedown notices, and *other* defendants accessed Ms. Ritter's online accounts—and because that conduct allegedly occurred on Google's platforms, Google should be responsible for all of it.  But that is not how any of those laws work, and the Complaint, despite its extraordinary length, falls far short of stating sufficient facts to sustain a single one of the six causes of action against Google.

Accordingly, Google respectfully requests that the Court dismiss all claims against Google with prejudice pursuant to Rule 12(b)(6).  In the alternative, the Court should order Ms. Ritter to file a more definite statement that identifies, for each claim asserted against Google, the specific conduct attributed to Google and the legal theory on which Ms. Ritter relies, as Google cannot reasonably be required to reconstruct Ms. Ritter's claims in order to defend itself against them.

### BACKGROUND

This lawsuit is one of several Ms. Ritter has filed arising from her relationship with Eric Schmidt, former Google CEO and executive chairman.

Ms. Ritter first sued Mr. Schmidt (and various other entities) in Los Angeles County Superior Court on September 8, 2025.  *See Ritter v. Schmidt et al.*, No. 25STCV26114 (Cal. Super. Ct. L.A. Cnty. Sept. 8, 2025) (the "Los Angeles Action").  On September 18, 2025, while her lawsuit against Mr. Schmidt was pending in Los Angeles, Ms. Ritter filed a related lawsuit against Google in Santa Clara County Superior Court.  *See Ritter v. Google LLC et al.*, No. 25CV475336, (Cal. Super. Ct. Santa Clara Cnty. Sept. 18, 2025) (the "Santa Clara Action").  She brought nine causes

of action against Google: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligence; (4) conversion; (5) trespass to chattels; (6) violation of the California Computer Data Access and Fraud Act; (7) trade secret misappropriation; (8) declaratory relief; and (9) injunctive relief.  Ms. Ritter voluntarily dismissed the Santa Clara Action on September 18, 2025.  Then, on December 8, 2025, she filed an amended complaint in the Los Angeles Action.  The amended complaint named Google as a defendant and asserted two causes of action against Google: (1) violation of the California Comprehensive Computer Data Access and Fraud Act; and (2) violation of California Penal Code § 631 (wiretapping).  Ms. Ritter never served Google in the Los Angeles Action, and Google has not appeared as a defendant in the Los Angeles Action.

On December 29, 2025, Mr. Schmidt moved to compel arbitration in the Los Angeles action, which the court granted on March 2, 2026 over Ms. Ritter's opposition.  The court stayed the Los Angeles Action pending arbitration.  The claims between Ms. Ritter and Mr. Schmidt proceeded in arbitration.  On April 20, 2026, the arbitrator issued an interim award in favor of Mr. Schmidt, ordering Ms. Ritter to pay Mr. Schmidt damages totaling in excess of $10 million, plus attorneys' fees and costs.  Dkt. 53-1.  Google was not a party to the arbitration.

On April 24, 2026, before the arbitration was concluded, Ms. Ritter filed the instant action against Google, Mr. Schmidt, and various other entities, ostensibly to vacate the interim arbitration award (among many additional claims).  On June 15, 2026, the arbitrator issued the final award, and Mr. Schmidt's motion to confirm that award in the Los Angeles action remains pending.

## LEGAL STANDARD

"Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a 'short and plain statement of the claim showing that a pleader is entitled to relief,' in order to give the defendant 'fair notice of what the

-2-

claim is and the grounds upon which it rests.'" *Byron O. Woods, Sr. v. United States*, 2026 WL 1279203, at *2 (C.D. Cal. May 5, 2026) (Bernal, J.) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (dismissing complaint because it was so "confusing" and "conclusory" as to violate Rule 8(a) and Rule 12(b)(6)). "The Ninth Circuit has clarified that (1) a complaint must 'contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively,' and (2) 'the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

## ARGUMENT

### I. THE COURT SHOULD DISMISS ALL COUNTS AGAINST GOOGLE

#### A. The Complaint Pleads No Basis For CFAA Liability

The Computer Fraud and Abuse Act ("CFAA") makes it unlawful to "intentionally access a computer without authorization or exceed authorized access, and thereby obtain information from a protected computer." 18 U.S.C. § 1030(a)(2) (cleaned up). Ms. Ritter's theory against Google, to the extent it can be discerned, *see* Part III *infra*, appears to be that Google is liable under the CFAA for "operation of the Google Workspace" platforms for Ms. Ritter's various businesses because *other defendants* allegedly accessed those accounts without authorization. Compl. ¶ 27. Ms. Ritter does not allege that *Google* accessed her accounts without authorization—only that Defendants Hillspire and Schmidt did so—and seeks to hold Google liable because these accounts resided on Google's platform. *See* Compl. ¶ 400 ("defendant-by-defendant" attribution of instances of unauthorized access without identifying a single instance of unauthorized access by Google). Without any allegations that Google itself accessed her computer without authorization, there is no basis for CFAA liability, and the Court should dismiss this claim as to Google.

-3-

## B. The SCA Claim Fails

The Stored Communications Act ("SCA") makes it unlawful to "intentionally access without authorization a facility through which an electronic communication service is provided and thereby obtain, alter, or prevent authorized access to a wire or electronic communication while it is electronically stored in that facility." 18 U.S.C. § 2701 (cleaned up).  Ms. Ritter claims that Google "failed to cure the breach [of her Workspace by other defendants] once revocation had been requested."  Compl. ¶ 421. Even if true, those facts do not state a claim for violation of the SCA.  Ms. Ritter makes no allegations that Google intentionally accessed, obtained, or altered any stored communications.  Thus, there is no basis for SCA liability, and the Court should dismiss this claim as to Google.

## C. The Complaint Does Not State A Claim Under The Wiretap Act

The Wiretap Act prevents any person from "intentionally intercepting wire, oral, or electronic communications," and from using those intercepted communications.  18 U.S.C. § 2511(b), (d) (cleaned up).  Much like Ms. Ritter's CFAA and SCA claims, her wiretap claim against Google appears to be based on allegations *someone else* intercepted communications on her Google Workspace platforms.  The only allegation pertaining to Google related to this claim is that her communications with counsel occasionally occurred through Google Workspace, which she alleges Defendant Hillspire accessed.  *See* Compl. ¶ 425.  Ms. Ritter does not allege that Google itself intercepted her communications.  *See* Compl. ¶ 428 ("defendant-by-defendant" attribution of interception without identifying a single instance of interception by Google).  To the extent the Complaint can be read to allege that Google accessed communications stored on the Google Workspace platform, those facts do not support a claim under the Wiretap Act, which requires that communications be "acquired during transmission, not while [they are] in electronic storage." *Backhaut v. Apple Inc.*, 723 Fed. Appx. 405, 407 (9th Cir. 2018).  Without any allegation that Google intercepted Ms. Ritter's communications, or used her

-4-

intercepted communications, there is no basis for liability under the Wiretap Act, and the Court should dismiss this claim.

### D. The Complaint Does Not Plead Common-Law Tort Liability

#### 1. Ms. Ritter's defamation claim fails.

To state a claim for defamation under California law, the plaintiff must plead that the defendant made "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or cause special damage." *Montanez v. PepsiCo, Inc.*, 784 F. Supp. 3d 1369, 1380 (C.D. Cal. 2025) (quoting *Wong v. Jing*, 189 Cal. App. 4th 1354, 1369 (2010)). A plaintiff who is a public figure must also plead that the defendant acted with actual malice. *Id.*

***Ms. Ritter does not allege that Google published a statement—much less one that is false, defamatory, unprivileged, and caused damage.*** At most, the Complaint alleges that Google suppressed search engine results for Ms. Ritter's Substack and processed DMCA takedown notices containing allegedly false statements. Compl. ¶¶ 354-355. But her failure to allege that Google communicated *any* statement *about her* to *anyone* is fatal to her claim. *See DeLima v. Google, Inc.*, 561 F. Supp. 3d 123, 135 (D.N.H. 2021) (granting motion to dismiss defamation claim because the "act of a service provider disconnecting a social media account or domain name, or moderating or deleting content on these accounts, is not a 'statement' for purposes of defamation law."); *see also Bartholomew v. YouTube, LLC*, 17 Cal. App. 5th 1217 (2017) (holding that YouTube could not be liable for defamation for removing a user's video, even when the video was replaced with a statement that the video violated community guidelines with a link to YouTube's terms of service"); *Mahoney v. Meta Platforms, Inc.*, 2025 WL 563459, at *3 (N.D. Cal. Feb. 20, 2025) (granting motion to dismiss defamation claim because disabling a social media account was not a defamatory statement). Ms. Ritter merely alleges Google made her Substack harder to find in search results without saying a word about her. In the absence of any

DEFENDANT GOOGLE'S MOTION TO DISMISS

allegation attributing a false statement about Ms. Ritter to Google, the Court should dismiss the defamation claim.

### 2. The false light claim falls with the defamation claim.

"False light is a species of invasion of privacy, based on publicity that places a plaintiff before the public in a false light that would be highly offensive to a reasonable person, and where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1264 (2017). "When a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action." *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1375 n.13 (1999). Because Ms. Ritter fails to plead any element of her defamation claim against Google, her false light claim fails as well. The Court should dismiss the false light claim.

### 3. Ms. Ritter's commercial disparagement claim fails.

"Trade libel is the publication of matter disparaging the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner. The tort encompasses all false statements concerning the quality of services or product of a business which are intended to cause that business financial harm and in fact do so." *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1010 (2001).[1] "Whereas defamation, which includes libel and slander, concerns damage to the reputation of a person or business, disparagement concerns damage to the reputation of products, goods, or services." *Hartford Casualty Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 289 (2014). Ms. Ritter's commercial disparagement claim suffers from the same fatal flaw as her defamation claim: she does not allege any false

---

[1] Cases variously refer to the tort of commercial disparagement as trade libel, injurious falsehood, product disparagement, disparagement of property, and slander of goods but "all these labels denominate the same basic legal claim." *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 289 (2014).

statement by Google, let alone false statements about her goods, products, or businesses.  The Court should dismiss the claim.

### 4. Ms. Ritter's intentional interference with prospective economic advantage claim fails.

A claim for intentional interference with prospective economic advantage requires: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) (cleaned up).  Ms. Ritter does not plead any of these elements as to Google.

***Ms. Ritter does not identify a relationship with a third party.***  Ms. Ritter gestures vaguely to her "prospective economic relationships with investors, customers, employers, and professional counterparties in the AI and technology industries."  Compl. ¶ 537.  Those allegations are not enough.  *Westside Center Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507 (1996) is on point.  There, the owner of a shopping center sued a grocery store tenant for closing its doors and thereby depressing the center's value, alleging interference "with the class of all potential buyers for its property[.]"  *Id.* at 523.  The court held that the plaintiff could not premise liability on its "economic relationship with the entire market of all possible but as yet unidentified buyers for its property."  *Id.* at 527.  *Cocoa AJ Holdings, LLC v. Schneider*, 115 Cal. App. 5th 980 (2025) also demands dismissal.  There, the court held that evidence that the plaintiff "intended to sell" nineteen timeshares was insufficient because there was no "competent, admissible evidence showing an economic relationship between [the plaintiff] and any potential, specific buyer [who] actually existed at the time of [the defendant's] allegedly tortious conduct."  *Id.* at 996.  The same deficiency is fatal here.  Ms. Ritter's alleged

-7-

DEFENDANT GOOGLE'S MOTION TO DISMISS

relationships with unspecified members of the AI and technology industries are indistinguishable from the generalized market expectations that were insufficient to state a claim for intentional interference in *Westside Center* and *Cocoa AJ Holdings*.

**Ms. Ritter does not allege Google's knowledge of a contractual relationship or its intent to disrupt one.**  The Complaint's conclusory group allegation that "Defendants knew of Plaintiff's prospective economic relationships," Compl. ¶ 537, is not sufficient.  *Winchester Mystery House, LLC v. Global Asylum, Inc.*, 210 Cal. App. 4th 570 (2012) is instructive.  There, the plaintiff sent numerous cease-and-desist letters warning the defendant that its film infringed on the plaintiff's trademarks, but because the letter "did not mention either a contract with a third party or prospective economic relationship between plaintiff and a third party," the court held that the plaintiff could not "establish either the knowledge or intent elements" of its intentional interference claim.  *Id.* at 597.  If direct communications putting a defendant on actual notice of a contract cannot satisfy the knowledge and intent elements of an intentional interference claim, then the Complaint—entirely devoid of any allegation that Google was aware of a specific economic relationship or that Google intended to disrupt it—fails as a matter of law.

**Ms. Ritter fails to plead that Google's disruption of an economic relationship proximately caused economic harm.**  Again, the Complaint's conclusory allegations that Ms. Ritter has "lost prospective employment, investor, and consulting relationships," Compl. ¶ 537, are insufficient.  *See, e.g.*, *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (affirming dismissal because of "conclusory" allegations that plaintiff "has been harmed because its ongoing business and economic relationships with [c]ustomers have been disrupted," and complaint lacked specific allegations that the plaintiff "lost a contract" or that a "negotiation with a [c]ustomer failed"); *Upper Deck Company v. Panini Am., Inc.*, 469 F. Supp. 3d 963, 981-83 (S.D. Cal. 2020) (granting motion to dismiss intentional interference claim because "conclusory" allegations of "diverted sales and loss of goodwill" were

-8-

insufficient).  Ms. Ritter's intentional interference claim fails because she does not allege that Google's conduct proximately caused the loss of a specific contract or economic relationship.

### 5.  The DMCA Immunizes Google's Conduct

Although the Complaint is difficult to understand, *see* Part III *infra*, the most generous reading is that Ms. Ritter brings her common-law claims to hold Google responsible for removing content based on false DMCA notices submitted by others. *See* Compl. ¶ 355 (Google operates a "mass-ingestion, minimal review pipeline" that processes DMCA notices "without meaningful verification"); *id.* ¶ 567 (Google "relied on DMCA notices submitted against Plaintiff-authored content").  That theory fails.  The DMCA states that "a service provider shall not be liable to any person for any claim based on the service provider's good faith" processing of takedown notices, "regardless of whether the material or activity is ultimately determined to be infringing."  *See* 17 U.S.C. § 512(g).  Ms. Ritter does not allege Google failed to act in good faith, or that she submitted any counter notifications on which Google failed to act.  *See* 17 U.S.C. § 512(g)(2)(B).  The DMCA safe harbor is fatal to Ms. Ritter's common-law claims and her DMCA claim, as Google cannot be held liable for good-faith processing of DMCA takedown notices submitted by others as a matter of law.[2]

### E.  Vacatur Makes No Sense As To Google Because It Was Not A Party To The Arbitration

Although Count XIII for "Declaratory Relief, Vacatur, and Constitutional Invalidation of the April 20, 2026 AAA Interim Arbitration Award," is largely incomprehensible, *see* Part III *infra*, to the extent Ms. Ritter seeks to vacate the interim

---

[2]  Although Ms. Ritter's theory is not clear from the face of the Complaint, to the extent she seeks to hold Google liable for the defamatory statements of others published on the internet, Google's conduct is immunized by Section 230.  47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.").

-9-

arbitration award from the arbitration between her and Mr. Schmidt, this claim is improper as to Google because Google was not a party to the arbitration.

## II.   THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE

Dismissal with prejudice is proper here because "any amendment would be futile" and "there is no need to prolong the litigation by permitting further amendment." *See, e.g.*, *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) (affirming district court's dismissal with prejudice).  Ms. Ritter has had more than a few opportunities to state her best case.[3]  Her latest attempt, a 405-page complaint spanning 620 factual allegations, still fails to plead a single viable claim against Google.  The Court should dismiss with prejudice here.

## III.   IN THE ALTERNATIVE, THE COURT SHOULD GRANT GOOGLE'S MOTION FOR A MORE DEFINITE STATEMENT

No matter the legal theory, Ms. Ritter's claims against Google fail for the reasons above. However, should the Court decline to dismiss the Complaint with prejudice, the Court should grant Google's motion for a more definite statement because the Complaint is "so vague or ambiguous" that Google "cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Indeed, the Court has a "prudential obligation" to "enforce a bar against shotgun pleading" to "prevent[] the needless expenditure of finite judicial resources."  *Gibson v. City of Portland*, 165 F. 4th 1265, 1290 (9th Cir. 2026).  The Complaint suffers from five independent deficiencies under Rule 12(e).

***First, the Complaint relies on impermissible group pleading.***  Ms. Ritter brings claims against twelve unique defendants, including individuals, law firms, financial institutions, and Google.  But the vast majority of the Complaint's allegations are against "defendants" collectively, making it impossible to distinguish

_____

[3]  *See supra* at p. 1-2.

DEFENDANT GOOGLE'S MOTION TO DISMISS

which allegations pertain to which defendants. This "shotgun pleading style" is not permitted because it "deprives defendants of knowing exactly what they are accused of doing wrong." *See Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at *5 (C.D. Cal. June 30, 2010) (dismissing complaint because plaintiff "impermissibly lumped" together multiple defendants); *Verduzco v. St. Mary's High Sch.*, 2024 WL 3088467, at *3 (E.D. Cal. June 21, 2024) (same); *Lundy v. Investments Realty Servs.*, 2023 WL 12148747, at *4 (C.D. Cal. June 26, 2023) (same against a *pro se* plaintiff). "[G]iven the number and diversity of named defendants and the breadth of the allegations, claims which vaguely refer to defendants will not suffice." *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996) (cleaned up).

***Second, the Complaint does not specify the causes of action brought against each defendant.*** Count XII (for defamation, false light, commercial disparagement, and intentional interference with prospective economic advantage) is a good example. For many of the causes of action, the caption page of the Complaint specifies to which defendant the claim applies. But Count XII does not so specify. Turning to page 341, the heading for Count XII states that these causes of action are brought against Google. But in the prayer for relief, the Complaint does not seek damages or another remedy from Google for Count XII. Compl. ¶ 599. It is not clear whether or not Ms. Ritter intended to bring Count XII against Google.

***Third, the Complaint does not properly separate each legal claim.*** Complaints that do not "segregate [] claims into separate causes of action" rapidly become a "hodgepodge of allegations to which no defendant could reasonably frame a responsive pleading." *Schlafly v. Pub. Key Partners*, 1994 WL 669858, at *1-2 (N.D. Cal. Nov. 22, 1994). Bundling together "disparate [f]ederal and state law claims" into one cause of action constitutes an improper "shotgun pleading," making it difficult, if not impossible, for Google "to formulate a response." *Gamez v. County of Fresno*, 2026 WL 1091397, at *4 (E.D. Cal. Apr. 22, 2026). This Complaint is an impermissible hodgepodge of bundled causes of action and state and federal claims.

-11-

For example, Count XII encompasses four separate causes of action against ten defendants, resulting in literally thousands of potential defendant-count combinations with no way to guess which one is correct. Count XIII (for declaratory relief, vacatur, and constitutional invalidation under various federal statutes and the U.S. Constitution) is even more confusing, as it is not clear what body of law applies to each claim. Google should not be required to reconstruct Ms. Ritter's legal theories in order to defend itself against them.

**Fourth, the Complaint does not explain which facts pertain to each cause of action.** Throughout the 405-page Complaint, Ms. Ritter repeatedly "realleges the preceding paragraphs as though fully set forth herein." Compl. ¶¶ 391, 408, 422, 530, 545, 562. Courts regularly grant motions for a more definite statement where complaints reallege hundreds of allegations because realleging and reincorporating forces courts to "wade through a morass of allegations, trying to determine how the facts might relate to the causes of action." *Gibson v. City of Portland*, 165 F. 4th 1265, 1290-91 (9th Cir. 2026) (dismissing complaint *sua sponte* where the plaintiff failed to "link their facts to their causes of action."); *see also Rodrigues v. Cnty. of Orange*, 2020 WL 3396619, at *3 (C.D. Cal. June 18, 2020) (plaintiff realleging 84 factual allegations supporting nine causes of action was "egregious."). As pleaded, Plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Kazenercom Too v. Turan Petroleum, Inc.*, 2009 WL 10679984, at *1 (C.D. Cal. June 9, 2009).

**Fifth, the Complaint does not attach the exhibits to which it cites.** Plaintiff references and quotes from dozens of exhibits hundreds of times throughout the Complaint. None of these exhibits is attached, and the Court cannot consider these documents in evaluating the sufficiency of the Complaint. *See Diaz v. Century Pac. Inv. Corp.*, 1991 WL 331372 at *5 (C.D. Cal. Dec. 16, 1991). The Court should require Plaintiff to attach all referenced exhibits to her Complaint so that Google may understand the allegations against it. *See* Weil & Brown, *California Practice Guide*,

-12-

"Civil Procedure Before Trial" (2025) at 6 (exhibits should be attached if the exhibits supply the facts required to state the cause of action).

The Complaint's myriad deficiencies render it unintelligible as to Google, and the Court should require Ms. Ritter to provide a more definite statement before Google is obligated to respond.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint with prejudice.  Only if the Court declines to dismiss with prejudice, Google respectfully seeks an order demanding a more definite statement with sufficient detail to allow Google to respond to the claims against it.

Dated: July 6, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Viola Trebicka*

Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Delaney Gold-Diamond (Bar No. 342121)
delaneygold-diamond@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone:  (213) 344-3000
Facsimile:  (213) 344-3100

*Attorneys for Defendant Google LLC*

-13-

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Google LLC, certifies that this brief contains 4,125 words, which complies with the word limit of Local Rule 11-6.1.

Dated: July 6, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Viola Trebicka*

Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Delaney Gold-Diamond (Bar No. 342121)
delaneygold-diamond@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone:  (213) 344-3000
Facsimile:  (213) 344-3100

*Attorneys for Defendant Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 6, 2026, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.  I also sent a copy by email to Plaintiff Michelle Ritter, in pro per, at ritter_legal@outlook.com.

Dated: July 6, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Viola Trebicka*

Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Delaney Gold-Diamond (Bar No. 342121)
delaneygold-diamond@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone:  (213) 344-3000
Facsimile:  (213) 344-3100

*Attorneys for Defendant Google LLC*